LEONARD *v.* BATES.

LEONARD
v.
BATES.

To an action on a specialty, the want or failure of consideration may be pleaded, under the statute; but not at common law.

A plea, showing that the consideration of the bond on which the suit is brought, was the making of a good and sufficient deed in fee-simple for real estate on a day prior to that fixed for the payment, and averring that the plaintiff, having no title to the premises, neither did nor could perform his part of the contract, is a good bar to the action.

If the purchase-money for real estate be payable by instalments; the first before the deed is to be made; the second, on the same day; and the last, on a subsequent day: the promise to pay the first instalment is independent, and that to pay the second and third, dependant. A suit lies on the promise to pay the first instalment, without showing a previous execution of the title, or offer to execute it; but not on the promise to pay the second or third.

*Thursday,*
*May 9.*

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—*Bates* brought an action of debt for 3,000 dollars against *Leonard* on a writing obligatory dated the 2d of *March*, 1819. On oyer, the following appeared to be the condition of the bond: "The condition of the above obligation is such, that whereas the above bound *David Leonard* has this day purchased from the said *Gilbert Bates* all that tract of land whereon said *Bates* now resides, for the sum of 1,500 dollars; now should the said *Leonard* pay the whole of the purchase-money as follows, viz. 200 dollars this day, 600 dollars on or before the 1st of *April* next, and the remaining balance of 700 dollars on or before the 1st of *October*, 1820, then the above obligation to be void, otherwise in force." To this action the defendant pleaded, that he had purchased the land in the said condition mentioned, being the land whereon the said *Bates* then resided, and had executed the writing obligatory in the declaration mentioned, in consideration that *Bates* would make or cause to be made to him a good and sufficient deed in fee-simple for the land aforesaid, on or before the 1st of *April*, 1819; and for no other consideration whatever. And the defendant averred that although he did, at the days and times in the said condition mentioned, fully pay the plaintiff the two first instalments of the purchase-money for the land aforesaid, agreeably to the tenor and effect of the said condition; yet that the plaintiff, not having any right or title to the said land, neither did nor could, on or before the 1st of *April*, 1819, or at any time before or since, make or cause

to be made to the defendant the said deed for the land aforesaid, but had hitherto wholly refused, and still did refuse to do so. Wherefore the defendant alleged, that the consideration of the writing obligatory had altogether failed. To this plea there was a general demurrer. The Circuit Court, considering the plea no bar to the action, rendered judgment on the demurrer for the plaintiff.

The bond upon which this action was brought, was given in consideration of a certain specified tract of land; and the plain, honest doctrine is, that if the seller could not, or would not, convey it to the purchaser, he had no right to the purchase-money. Let us examine what the law says upon the subject. Had it appeared from the face of the bond that the consideration was executory, and that the promise to pay the money for which the suit was brought, was in consideration of a good title for the land first to be made by the obligee, the plaintiff could not have recovered without an averment and proof of the performance of, or an offer to perform, his part of the contract; and the non-performance of such precedent condition would have been a good defence to the action at common law. This executory nature of the consideration, however, does not appear from the obligation itself; and therefore, as no fraud is alleged, this plea could not have been supported at common law, where the mere want or failure of consideration is no objection to the validity of a bond. 1 Plowd. 308.—2 Johns. R. 177. In this country, by statute, the obligor has a right by special plea to go into and impeach the consideration of a specialty; and thus not only to show it void *ab initio*, which he might have done before, 2 Wils. 347, but also to show that it ought not to be paid in consequence of the want or failure of consideration (1). The defendant then having a right to this defence, the question for us to determine is, whether the special matter of the plea, which by the demurrer is admitted to be true, is sufficient to bar the plaintiff's action.

The first instalment of 200 dollars was payable on the day the bond was given, and a month before the conveyance was to be executed: of course, that promise on the part of *Leonard* to pay so much, was independent of *Bates'* agreement to make the deed at a subsequent period. By obligating himself to pay this sum of 200 dollars, a month before he was to have the deed, *Leonard* became liable to pay it when due, and trust to his remedy against *Bates*, if he should afterwards fail to make the title. 1 Salk. 171.

This instalment was accordingly paid. The second instalment of 600 dollars was payable on the 1st of *April*, 1819, the very day agreed upon for the execution of the deed. Here the promises were dependant; and the clear intention of the parties was, that the delivery of the deed, and the payment of this instalment, should be concurrent acts. *Bates* could not have recovered the 600 dollars without showing a performance of, or at least an offer to perform, his part of the contract. 10 Johns. R. 266. The amount however was paid without suit. The third and last instalment of 700 dollars was payable on the 1st of *October*, 1820, six months after the time when *Bates* was to make a title for the land which was the consideration of the bond. In this case, the execution to *Leonard* of a good conveyance for the premises, on or before the day agreed on, was a condition precedent; the performance of which, or that which is equivalent to performance, was first necessary on the part of *Bates*, before he could maintain the present action for this last instalment of the purchase-money. 1 Ld. Raym. 665.—1 East, 619. The making of this title previously to the time for payment, was the whole consideration of the obligation to pay; and as no such title was made or tendered, nor any excuse given for not doing it, there is of course a total failure of the consideration, and the plea must be considered a good bar to the plaintiff's action. Again, it is particularly set forth in the plea that the plaintiff, having no title to the premises, could not at the time agreed on, nor at any other time before or since, make the deed. Such a plea was filed, and replied to without objection, in *St. Albans* v. *Shore*, 1 H. Bl. 270; and in *Goodisson* v. *Nunn*, 4 T. R. 761, a similar plea was adjudged good on demurrer. It has been decided in *New-York*, that, even after the acceptance of a deed with warranty, failure of title is a good defence to an action on a note given for the purchase-money. 11 Johns. R. 50. The undertaking to make a good and sufficient deed in fee-simple, is nothing more nor less than to execute a clear and perfect title. 1 H. Bl. 270.—2 Johns. R. 595. The actual doing of that was the consideration of the defendant's promise. By this plea, the defendant not only denies the performance by the plaintiff of the precedent condition, but also disputes his ability to perform it. Hence, if the consideration was truly stated, it became necessary for the maintenance of the suit that the plaintiff, in his replication, should state the goodness of his title, and show that

he had done every thing in his power to perform his part of the contract. Instead of such a reply, the plaintiff demurs to the plea; and by thus admitting that he never had any title, he puts an end at once to the idea of his being able to make any. In *St. Albans* v. *Shore*, before referred to, and in *Phillips* v. *Fielding*, 2 H. Bl. 123, cases like the present, it was said that the plaintiff must even set forth the particulars of his title; but in *Martin* v. *Smith*, 6 East, 555, that doctrine was questioned, and the Court seemed to think, that a general averment by the plaintiff that his title was perfect might answer. In the case before us, there being no averment of title either general or special, the plaintiff must fail. There is no case to the contrary.

It has been argued, that the agreement by the plaintiff to make this deed, and not the actual doing of it, was the consideration of the defendant's promise to pay; that there was only promise for promise; and that the breach of one was no excuse for that of the other. The time for the conveyance, being prior to that for the payment, excludes this argument, and shows that the intention of the parties was, that the performance of the contract to convey should precede the payment of this part of the purchase-money. But, independently of this precedence of time, it is now very well settled, that where the covenant to convey, and that to pay the price, are to be performed on the same day; or where no time is fixed for the performance of either, but one is to be complied with in consideration of, or on compliance with, the other; the covenants are dependant, and neither party can sue without showing a prior performance of, or an offer to perform, his part of the agreement. This doctrine may not be perfectly compatible with all the old cases on the subject of dependant and independent covenants, but it is fully established by the modern authorities, and seems best calculated for the mutual security of the parties, and the prevention of a multiplicity of law suits. *Callonel* v. *Briggs*, 1 Salk. 112.—*Kingston* v. *Preston*, Doug. 689.—*Jones* v. *Barckley*, ibid. 684.—*Goodisson* v. *Nunn*, 4 T. R. 761.—*Glazebrook* v. *Woodrow*, 8 T. R. 366.—*Cunningham* v. *Morrell*, 10 Johns. R. 203 (2).

In the case we are considering, the agreement of *Bates* to make a good title, for the premises on which he then lived, to *Leonard*, on or before the 1st of *April*, 1819, was the whole consideration of *Leonard's* promise to pay, at a subsequent time, this third in-

stalment of the purchase-money; the plea of the defendant sets forth that consideration, avers a non-performance of the precedent condition, and a total inability on the plaintiff's part to perform it; and the demurrer to the plea admits these facts. It is evident, therefore, that the consideration has entirely failed, and that the plaintiff ought not to recover. 1 Will. Saund. 320, note.—2 ib. 352, note.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with directions to permit the plaintiff below to withdraw his demurrer, and reply to the plea.

*Test*, for the plaintiff.

*Caswell*, for the defendant.

(1) Stat. 1817, p. 39;—1821, p. 86;—1823, p. 294-5.

(2) There are many nice distinctions in the books between independent and dependant covenants and promises; but justice requires them, as far as possible, to be considered dependant. When, in a contract for the sale of land, they are so considered, neither the vendor nor vendee can compel the other to fulfil his contract, without making his part of the agreement precedent, nor can either proceed against the other, without an actual performance on his part, or a tender and refusal. *At law*, the time fixed for the performance is of the essence of the contract; and if the seller is not ready and able to perform his part of the agreement, on that day, the purchaser may elect to consider the contract at an end. But *equity*, which, from its peculiar jurisdiction, is enabled to examine into the cause of delay in completing a purchase, and to ascertain how far the day named was deemed material by the parties, will, in certain cases, carry the agreement into execution, although the time appointed has elapsed. *Bank of Columbia* v. *Hagner*, 1 Peters, 455.

It is a settled rule *at law*, that, when a particular day is fixed, on which the purchase-money is to be paid and the deed executed, the vendor, to recover the purchase-money, must aver a performance of his part of the contract, or an offer to perform it, *on the day specified for the performance;* and must prove the averment, unless the tender has been waived by the purchaser. A tender of the deed, at a subsequent day, is not sufficient. Nor is a tender at the day, if the vendor have not the legal title. Ibid.