Nov. Term,
1832.

PATTERSON *v.* SALMON.

PATTERSON
v.
SALMON.

To an action on a bond, the plaintiff's non-performance of a precedent condition therein, or the failure of consideration, may, under the statute, be pleaded in bar.

Two pleas to the action. Demurrer to the first plea sustained, and final judgment rendered thereon for the plaintiff. *Held,* that the judgment was erroneous, the second plea not being disposed of.

ERROR to the *Jackson* Circuit Court.

Thursday,
November 29.

STEVENS, J.—Debt on two writings obligatory made by the plaintiff in error, for the sum of 100 dollars each, one of which was payable in one year after its date, the other in two years, dated 25th day of *August,* 1827.

The defendant below, after *oyer,* pleaded in bar, that on the day he made the said writings obligatory, he purchased of the plaintiff below, a certain quarter section of land, &c. for the sum of 320 dollars, 120 dollars of which he paid to the plaintiff at the time, and for the payment of the remaining 200 dollars he gave the two writings obligatory in question, &c; that the plaintiff was to make a good deed of conveyance for the land, &c., whenever he should be thereunto requested; that when said deed should be so made, the defendant should execute back to the plaintiff a deed of mortgage on the land, to secure the payment of the 200 dollars; all of which, the plea avers, was reduced to writing and signed and sealed by both parties, &c.; and that after the making said contract and the said writings obligatory, and before the suit was brought, the defendant requested the plaintiff to make him a deed of conveyance, &c. for the land, &c., but that the said plaintiff neglected, failed, and refused so to do, &c. To this plea the plaintiff demurred in law, and the demurrer was sustained and final judgment rendered thereon for the debt, &c. The defendant also pleaded in bar another plea of general and direct payment, concluding to the country, &c.; but judgment was signed over it without taking any notice whatever of it.

The errors complained of are:—1st, The Court erred in sustaining the demurrer to the plea; 2dly, The Court erred in rendering final judgment for the debt over a good plea of direct payment, well pleaded and remaining of record undisposed of.

The subject-matter of the plea to which the demurrer is filed, if well pleaded either as a condition precedent or as a failure of consideration, is a good plea in bar, under the statute.    The plea, however, as it stands, is defective.    It lacks several material averments, and, for that reason, the demurrer was well taken and correctly sustained (1).    The general plea of direct payment is a good plea in bar, and the Court erred in rendering judgment over it.

*Per Curiam.*—The judgment is reversed with costs.    Cause remanded, &c.

*A. C. Griffith*, for the plaintiff.

*J. Sullivan*, for the defendant.

(1) For the form of a plea of non-performance, by the plaintiff, of a condition precedent, see 3 Chitt. Pl. 6th Am. ed. 989.