PETERS *v.* GOOCH.

A suit for the non-delivery of goods was held not to lie; the conditions on which the delivery was to have been made not having been complied with.

A count for money had and received is not maintainable if the contract on which the money was received has been in part performed, and the plaintiff has derived some benefit, unless the parties can be placed by a recovery in the same situation in which they were before the contract.

APPEAL from the *Morgan* Circuit Court.

BLACKFORD, J.—Assumpsit by *Gooch* against *Peters.* The declaration contains two counts. The first states, that on the first of *October*, 1835, the parties made the following contract: The defendant undertook to sell and deliver to the plaintiff 18 hogs and 800 bushels of corn. The hogs were to be immediately delivered, and the corn was to be delivered in a pen on the defendant's farm, in a convenient time to be put into a boat, when a certain river should be high enough for boating. In consideration of the premises, the plaintiff agreed to pay to the defendant 50 dollars in hand, 50 dollars on the 25th of the next *December*, and, upon the delivery of the corn, he was to give his note with surety to the defendant for 110 dollars, payable on the first of the next *June.* It is then averred, that the plaintiff paid the 50 dollars in hand, and the other 50 dollars on the 25th of the next *December*, and also that he received the hogs from the defendant. It is further averred, that on the — day of *March*, 1836, when the river for the first time after the contract, became high enough for boating, the plaintiff went to the defendant's house on said farm and demanded the corn of him, and offered to execute the note with surety for the 110 dollars; but that the defendant refused to receive the note or to deliver the corn. The second count is for money had and received by the defendant for the use of the plaintiff.

Pleas, 1st, non assumpsit; 2dly, to the first count, that at the time and place, &c., the defendant had the corn ready and tendered and offered to deliver it to the plaintiff; but that he refused to receive it. Issues were joined upon both the pleas. Verdict in favour of the plaintiff for 53 dollars. A motion

made by the defendant for a new trial was overruled, and a judgment rendered on the verdict.

The record contains the evidence which was given in the cause; and the error assigned is, that the verdict is contrary to the evidence.

It is very clear that the evidence does not sustain the verdict, and that the defendant was entitled to a new trial. To establish the first count, it was necessary to prove a demand of the corn at the proper time and place, and the execution of the note for the 110 dollars; but there is not the slightest evidence as to these matters. There could be no recovery, therefore, on the first count.

There is also a fatal objection to a recovery on the common count. The evidence shows that the plaintiff had received the hogs from the defendant, as is alleged in the special count, and that the contract had been thus in part performed. It was further proved, that the plaintiff had sold the greater part of the hogs. The plaintiff's recovery, therefore, of the money advanced on the contract for the hogs and the corn, which appears by the evidence to have been an entire contract, could not place the parties in the same situation in which they were at the time the contract was made. The consequence is, that the count for money had and received was not sustainable. The following is the language of *Chitty* on this subject:—" The count for money had and received is not maintainable if a *contract has been in part performed*, and the plaintiff has derived some benefit, and by recovering a verdict the parties cannot be placed in the exact situation in which they originally were when the contract was entered into." 1 Chitt. Pl. 388.

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs. Cause remanded, &c.

*H. Brown* and *C. C. Nave*, for the appellant.
*P. Sweetser*, for the appellee.