Nov. Term,
1838.

BOWERS
v.
TREVOR.

---

## BOWERS v. TREVOR.

Debt by the assignee of a sealed note against the maker, the declaration setting out an assignment in full. The assignment appeared, on *oyer*, to be in blank. *Held*, that the variance was immaterial.

A blank indorsement of a note is sufficient to entitle a *bona fide* holder to sustain a suit on the note in his own name against the maker.

Debt by the assignee of a sealed note for 300 dollars, against the maker. Plea in bar, that the payee represented himself to be the owner of two certain town-lots, and falsely stated them to be unincumbered; that in consequence of these statements, the defendant bought the lots of the payee for

1,500 dollars; that the note sued on was given in part payment; that the
payee, at the time of the sale, gave his bond to the defendant conditioned
for a general warranty deed for the lots on payment of the purchase-money;
that the payee had, previously to the sale, mortgaged one of the lots for 400
dollars, and the mortgage remained unsatisfied; that the payee was insolvent,
and unable to make an unincumbered title to the mortgaged lot which is
worth 1,000 dollars. *Held*, that the plea was in substance sufficient.

Replication to the above plea, that the note was not given in consequence of
the false representations alleged in the plea, but for a good and valid con-
sideration; that at the time of the contract of sale mentioned in the plea,
and in consideration of which the note declared on was given, besides that
note and 300 dollars in hand paid, the defendant executed to the payee
three other notes of 300 dollars each for the balance due on the lots, one
payable in 1839, one in 1840, and one in 1841, which are still unpaid.
*Held*, on general demurrer, that the replication was bad.

APPEAL from the *Wayne* Circuit Court.

Dewey, J.—*Trevor* sued *Bowers* in an action of debt.
The declaration sets out a sealed note executed by the latter
to one *O'Neal* for 300 dollars, an assignment of the note by
him to *Trevor, Messick, & Co.*, and by them to the plaintiff
below. Oyer having been prayed and given of the note and
the assignments, it appears that the indorsement by *Trevor,
Messick, & Co.* to the plaintiff is in blank.

The defendant pleaded *nil debet*, and a special plea.

The latter alleges that *O'Neal*, the payee of the note, re-
presented to *Bowers* that he (*O'Neal*) was the owner of two
lots of ground in *Centreville*, and falsely stated that he had
full right and power to sell the same, and that they were
unincumbered; that in consequence of these statements,
*Bowers* purchased the lots of *O'Neal* at the price of 1,500
dollars; that he paid a portion of the purchase-money in
hand, and executed the note declared on for a part of the
remainder and for no other consideration; that at the time
of the contract, *O'Neal* executed his bond to *Bowers* condi-
tioned for the conveyance of the lots to him, by a general
warranty deed, when the purchase-money should be fully
paid. The plea further alleges that *O'Neal*, at the time of
the contract of sale, and at all times afterwards, had not any
right to sell and convey one of the lots, but that he had
previously mortgaged it to one *Frybarger* to secure the pay-
ment of 400 dollars which were still due; that *O'Neal* was
insolvent and entirely unable to pay that or any other debt;
and that, at the time of the contract of sale, and always

Vol. V.—4

Nov. Term,
1838.

Bowers
v.
Trevor.

*Wednesday,
November* 21.

Nov. Term, 1838.

BOWERS
v.
TREVOR.

afterwards, *O'Neal* was unable to make an unincumbered title to the mortgaged lot, which was of the value of 1,000 dollars; and that, therefore, the note was executed without any good consideration.

To this plea the plaintiff (craving *oyer* of the bond and condition mentioned in it, which was granted) replied, that the note was not given in consequence of the false representations in the plea alleged, but was executed for a good and valid consideration; that, at the time of the contract of sale mentioned in the plea, and in consideration of which the note declared on was given, besides the payment of 300 dollars in hand, and besides the amount of that note, *Bowers* executed to *O'Neal* three other notes for the balance of the consideration-money for said lots, for 300 dollars each, payable in 1839, 1840, and 1841; that the 900 dollars thus secured were still due, and that, therefore, *O'Neal* was not bound by the condition of the bond to convey the lots to *Bowers*.

The special pleading is spun out until it terminates in a rebutter, to which the plaintiff demurred; but as this learned process raises no question, which is not involved in the plea and replication, we deem it unnecessary to state its subsequent stages. The plaintiff also demurred to the plea of *nil debet*. The Court decided in his favour on both demurrers, and rendered final judgment for him.

The decision of the Circuit Court in sustaining the demurrer to the plea of *nil debet* is not impugned by the appellant; but he contends that as the whole pleadings are brought in review by the demurrers, and that as it appears by the *oyer* of the note, which is the foundation of the action, and of the assignments of it, that the indorsement of *Trevor, Messick, & Co.* to the plaintiff below is in blank, he cannot sustain this action.

This objection, whether it be considered as founded on the variance between the assignment of the note set out in the declaration, and the blank indorsement exhibited by the *oyer*, or upon the supposed inadequacy of the latter to enable the plaintiff to sustain his action, is not tenable. The variance is immaterial; and a blank indorsement is sufficient to entitle a *bona fide* holder of a note to sue and recover judgment in his own name. Chitt. on Bills, 174.—*Rees* v. *Conococheague Bank*, 5 Rand. 326.—*Norris* v. *Badger et al.*, 6 Cowen, 449.

The next inquiry is as to the validity of the special plea. It might have been drawn with more care, but we consider it substantially a good defence to the action, alleging fraud in the consideration of the note. It avers that *O'Neal* affirmed himself to be the owner of two lots of land, and falsely represented that they were unincumbered,— thus inducing the defendant to purchase them, and give the note for a part of the consideration-money; whereas in fact one of the lots, worth 1,000 dollars, was incumbered by an unsatisfied mortgage executed by *O'Neal* to insure the payment of 400 dollars, which sum he was wholly unable to pay. It is true, the plea does not, in terms, allege that *O'Neal* was aware of the existence of the mortgage, or that *Bowers* was ignorant of it; but as *O'Neal* executed the mortgage himself, he must have known that fact: an averment of *scienter* would have been unmeaning. The ignorance of *Bowers* of the incumbrance is virtually alleged by the statement, that he was induced to purchase by the false affirmation that the lots were free from all incumbrance. We consider the silence of *O'Neal* on the subject of the mortgage to be a *suppressio veri* amounting to fraud, which is aggravated by his false declaration that the lots were not incumbered. That one of them was not embraced by the mortgage cannot change the result. The contract was entire, and fraud in any part of it is sufficient to vitiate the whole. 2 Hov. on Fr. 4.

The replication is clearly defective. It is no answer to the plea; it neither denies the existence of the mortgage, nor alleges knowledge of it on the part of *Bowers*, nor attempts in any manner to reconcile the fairness of the sale of the lots with the existence of the incumbrance.

The Circuit Court erred in giving judgment for the plaintiff upon the demurrer to the rebutter, which embraced the plea and replication.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the second plea set aside, with costs. Cause remanded, with leave to the plaintiff to amend the replication.

*J. B. Ray*, for the appellant.
*J. S. Newman*, for the appellee.