Nov. Term, 1840.

CHANCE
v.
THE BOARD OF
COMM'RS., &c.

CHANCE *v.* THE BOARD OF COMMISSIONERS of the County of CLAY.

In an action for money had and received, to recover back money paid by the plaintiff on a special contract for the defendant's performance of certain work, the latter may prove under the general issue, in order to defeat the suit, a part performance of his contract.

A contract cannot be rescinded by one party for the default of the other, unless both can be placed in the same situation in which they stood previously to the contract.

*Monday,*
*November 30.*

ERROR to the *Clay* Circuit Court.

SULLIVAN, J.—This was an action of assumpsit brought by the commissioners of *Clay* county against *Chance* for money had and received. Plea, non assumpsit. Verdict and judgment for the plaintiffs.

The facts of the case were, that in *March*, 1835, the board of commissioners of *Clay* county employed *Chance* to remove certain obstructions to the navigation of *Eel river*, for which he was to receive the sum of 800 dollars. The work was to be completed on or before the first *Monday* of *May*, 1836. It was proved that *Chance* had received the sum of 487 dollars in part payment of the work and labour so to be performed by him. It was further proved that he had performed a part of said work, but that he had not completed it on the day agreed upon, nor at the time of the commencement of the suit. On the trial, the defendant offered to prove the amount of labour performed by him in removing said obstructions, but the plaintiffs objected to the testimony, and the Court excluded it, to which the defendant excepted.

The only question to be decided is, whether the action for money had and received can be maintained on the facts above stated? The contract, it appears, was in part performed by the defendant, but not completed at the time agreed upon. The plaintiffs, however, had derived a partial benefit from the labour of the defendant. Under such circumstances, a contract cannot be destroyed *in toto* by one of the parties. A contract cannot be rescinded by one party, unless both parties can be placed in the same situation in which they stood when the contract was made. Chitty on Cont. 276.—*Hunt* v. *Silk*, 5 East, 449.—*Peters* v. *Gooch*, 4

VOL. V.—56

Blackf. 515. In the present case that could not be done. The plaintiffs would have the advantage of the defendant's labour without compensation, which would be manifestly unjust. If the defendant has not fully performed his contract, the plaintiffs may sue on the special agreement, and recover the damages sustained by them. The difference between the sum advanced and the value of the work performed would, in that case, be the measure of damages.

The testimony offered by the defendant and rejected by the Court ought to have been received. The defendant had a right to prove that the contract was in part performed, and that it could not be rescinded and leave him in the same situation in which he stood when it was entered into.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*J. Cowgill,* for the plaintiff.

*A. Kinney* and *S. B. Gookins,* for the defendants.