Blackford, J.
Indebitatus assumpsit. The declaration alleges that Kuykendall, the defendant’s intestate, being indebted to Harness, the plaintiff’s intestate, for money lent, money paid, and money had and received, promised to pay, &c. Pleas, 1, That the defendant did not assume, &c. 2, *24 That the intestate full}' paid, &c. Replication to the second, plea, that the defendant did not fully pay, &c.
The following are the facts proved on the trial: Harness contracted, by parol, with N. Kuykendall for the purchase of a tract of land, for which he was to pay Kuykendall $900. He made a payment of $500,and took a receipt as follows: “ Received the 18th of December, 1887, of Isaac Harness $500 in full for a hundred acres of land, in part payment. (Signed) Nathaniel Kuykendall. (Witness) Jacob Kuykendall.” Harness took possession, repaired the fences, and cultivated the land. He weiitto Vincennes to get the conveyance,which was written; but, as the vendor died soon afterwards, it was not executed. Both parties, during their lives, were willing to complete the contract. Harness continued in possession until his death about the 1st of January, 1840, and his widow is still in possession. The use of the land is worth from $120 to $150 a year. After the vendor’s death, Harness paid the defendant $100 in part payment of the land. The vendor left several heirs, one of whom is a minor. The heirs of legal age have been willing, since their ancestor’s death, to convey the land agreeably to the contract; and the guardian of the minor offered to give a bond with surety, conditioned that the minor should convey when he came of age.
Upon this evidence, the jury gave a verdict for the ^defendant. A motion for a new trial was made and overruled, and judgment rendered on the verdict.
This case presents two questions for our consideration ; first, does it appear that the plaintiff has any cause of action ? if he has, then, secondly, has he selected the legal remedy ?
We consider that the plaintiff’was not bound to accept the deed and bond mentioned in the record. His intestate contracted not for such a deed and bond, but for the purpose of getting a good title for the laud from the vendor or his heirs. And as the heirs, one being a minor, are unable to make the title,theplaintiffmusthave a remedy at law for the loss which the estate, of which he is the administrator, has sustained, in consequence of the non-compliance with the contract, on the *25 faith of the performance of which bis intestate paid the money sued for.
This brings us to the second question, whether indebitatus assumpsit, the remedy adopted by the plaintiff, is the proper form of action in the case?
The vendee having occupied the laud several years under the contract—receivingthe rents and profits—theparties can not be placed in the same situation they were in before the contract was made; and, consequently, if the contract be valid, the vendee could not rescind it, and sue in indebitatus assumpsit for the money paid. His remedy for a breach, in such case, could only be on the special contract. Hunt v. Silk, 5 East, 449; Chitt. on Cont., 188; Peters v. Gooch, 4 Blackf., 515.
But if the contract was void, that doctrine has no application. The objection to the validity of the contract is, thatit is for a title to land, and is not in writing as required by the statute of frauds. That statute enacts, that“ no action shall be brought upon any contract or sale of lands, tenements, or hereditaments, or any interest in or concerning them, unless the agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing, and signed by the party to be charged thereby,or some person by him thereunto lawfully authorized.” Rev. Stat.,1838, p. 311.
Under this statute,which is copied from that of Charles the 2d, the instrument of writing, whatever *may be its form, must either show on its face, or by reference to some other instrument,every material part of a valid contract on the subject—such as the names of the parties, a description of the land, the amount of the purchase-money, &c. Champion v. Plummer, 1 New R., 252; Blagden v. Bradbear, 12 Ves., 471; 1 Sugd. on Vend., 104, et seq.; Bailey v. Ogden, 3 Johns. R., 399; Parkhurst v. Van Cortlandt, 1 Johns. Ch. R., 273; Ellis v. Deadman’s heirs, 4 Bibb. 466.
The defendant insists that the receipt,signed by the vendor for part of the consideration money, is a sufficient writing to satisfy the statute; but that is not so. The receipt, it is true, is not objectionable as a contract within the statute, merely *26 because it has the signature of but one of the parties; Laythoarp v. Bryant, 2 Bingh. N. Cas., 735 ; but it' is objectionable as such contract, because it does not describe the land, and because it does not state the amount of the purchase-money, nor any of the other terms of the contract. To ascertain these particulars, recourse must be had to parol testimony, which the statute does not permit.
It is further insisted, that the vendee’s payment of part of the purchase-money, and his taking possession of the land under the contract, was such a part performance as takes the case out of the statute of frauds. But supposing that to be the rule in a Court of chancery, it has no application to a Court of law. Kidder v. Hunt, 1 Pick. R., 328; Thompson v. Gould, 20 Pick.R., 134; Adams v. Townsend, 1 Metcalf’s R., 483.
We consider, therefore, that the contract in question is within the statute of fraud, and can not be viewed in a Court of law as obligatory on,the parties. That being so, the fact that the vendee occupied the land under the contract, wdiich the defendant urges as an objection to the action oí indebi-tatus assumpsit in this case, can not affect the suit. The ground of that objection, viz., that a vendee can not rescind a valid contract after such occupation, does not exist here, because no rescission is relied on by the plaintiff, there being no legal contract to rescind.
That an action of indebitatus assumpsit lies to recover *back the money paid by a purchaser on a parol contract for real estate, where, as in the case before us, the vendor or his heirs are unable or fail to perform their part of the contract, has been frequently decided; and the ground of the decision is, that the defendant holds the money in his hands without consideration, and is hound to return it. Gillet v. Maynard, 5 Johns. R., 85; Buck v. Waddle, 1 Ohio R., 357; Thompson v. Gould, 20 Pick. R., 134; Adams v. Fairbain, 2 Stark. R., 277; Gosbell v. Archer, 4 Nev. & Mann., 485.
We are of opinion, therefore, that the evidence shows that the plaintiff has a good ground for the action he has brought.
S. Judah, for the plaintiff.
C. Fletcher, 0. Butler, S. Y andes, J. Law and J.. T. Filis, for the defendant.
There are some other matters in this ease which it is proper to notice. The suit is founded on a promise of the defendant’s intestate; and the first plea is that the defendant'did not promise. That plea is no answer to the cause of action, and the issue on it (to which all the evidence is limited) is immaterial. The second plea is payment by the defendant’s intestate; and the replication to it, viz., that the defendant did not pay, is bad. The evidence that Harness paid $1(;0 on the land to the defendant, was inadmissible under the declaration, which only claims the money paid to the defendant’s intestate.
Per Curiam.—The judgment is reversed. Cause remanded, &c.