May Term,
1844.

SMITH v. ADDLEMAN.

SMITH
v.
ADDLEMAN.

*A.* and *B.* agreed under seal that *A.* should sell and convey certain real estate to *B.*, for which the vendor was to receive a certain sum, &c., when there should be made to the purchaser a good and sufficient deed for the property. *Held*, that this contract meant that *A.* himself should execute the deed. *Held*, also, that *B.'s* subsequent consent by parol to accept a deed for the property executed by a third person, and *A.'s* tender of such deed to *B.*, did not authorize *A.*, in case of non-payment, to sue *B.* on the original contract.

ERROR to the *Wayne* Circuit Court.

*Thursday,*
*May* 30.

BLACKFORD, J.—*William S. Addleman* brought an action of covenant against *Smith* upon the following writing obligatory:

"Know all men by these presents that I, *William S. Addleman*, of, &c., am held and firmly bound unto *John Smith*, of, &c., in the sum, &c., to be paid to the said *John Smith*, &c. Sealed with my seal and dated this 1st of *Sept.* 1841. Now whereas the said *William S. Addleman* hath granted, bargained, and agreed to sell and convey unto the said *John Smith* a certain lot situate, &c., for which the said *Addleman* is to receive 500 dollars in bankable paper when there is made to said *Smith* a good and sufficient deed, also 800 dollars to be paid to said *Addleman* one year from the date of said deed, &c. In witness whereof, &c.—*Wm. S. Addleman*, (SEAL.) *John Smith*, (SEAL.)"

The declaration avers that the plaintiff caused to be made out, in due form of law, a good and sufficient deed in fee-simple to the defendant for the lot; that he tendered the same to him and demanded the 500 dollars; that the defendant refused to pay, &c.

Plea, that the plaintiff had not tendered to the defendant a good and sufficient deed for the premises, &c.

The cause was submitted to the Court, and judgment rendered for the plaintiff for 502 dollars.

On the trial, the plaintiff introduced the agreement on which the suit was founded. He also introduced a bond dated the 8th of *February*, 1839, executed by one *Blanchard* to *Benjamin W. Addleman*, conditioned for the obligor's making to the obligee a conveyance of said lot on payment of the purchase-money. There were indorsed on this title-

bond two assignments, one from the obligee to the plaintiff, and the other from the plaintiff to the defendant. It was proved that the plaintiff and defendant had spoken to *Blanchard* to make a deed for the lot to the defendant, but that *Blanchard* then declined to do so until he should obtain legal advice on the subject. The plaintiff further proved that a conveyance of the lot, executed by *Blanchard* and his wife on the 8th of *September*, 1842, had been tendered by the plaintiff to the defendant, and its acceptance refused.

This is, in substance, the evidence upon which the plaintiff relied; and we are of opinion that it is not sufficient to support the action.

The agreement on which the suit is founded states, that the plaintiff had agreed *to sell and convey* the lot to the defendant; for which the plaintiff was to receive 500 dollars when there should be made to the defendant a good and sufficient deed. We understand from this language of the agreement, that the plaintiff was himself to execute a conveyance of the lot to the defendant; and that, on the execution of such conveyance, the defendant was to pay, &c. The plaintiff cannot recover upon the contract so understood, without having himself executed or offered to execute the conveyance. He relies on parol evidence of the defendant's subsequent consent to receive a conveyance from a third person for the lot, but that evidence is not sufficient for the plaintiff. The law is well settled that when by a sealed agreement a party, on his performance of a particular act, is to be paid a sum of money, he must perform or offer to perform that act before he can recover on the agreement. That the parties had subsequently agreed by parol, that the plaintiff should perform some other act in the place of the one stipulated in the sealed agreement, and that he had actually performed such other act, will not authorize a suit on the sealed agreement. A recovery under such circumstances would violate the maxim, that matters which are contracted for by deed, cannot be dissolved except by deed. The following authorities support this doctrine. *Heard* v. *Wadham*, 1 East, 619.— *Thompson* v. *Brown*, 7 Taunt. 656.—*Sinard* v. *Patterson*, 3 Blackf. 353. According to these authorities, if the defendant had even accepted the deed tendered, he could not have been

sued on the original contract, the plaintiff not having perform- <span>May Term, 1844.</span>
ed or offered to perform his part of it. The case of *Thomp-*
*son* v. *Brown* was shortly this : The master of a ship agreed <span>JUSTICE v. CHARLES.</span>
by deed with the owner of goods to receive a cargo at *Seville*,
and deliver the same at *London* for a certain sum. The
cargo was accordingly received on board at *Seville*, but the
parties then, by a parol agreement, changed the port of deli-
very from *London* to *Liverpool*, and the cargo was accord-
ingly delivered at the latter place. In a suit by the master
for the freight on the original contract, the action was held
not to lie, on the ground that the stipulation by deed could
not be dissolved by parol. In *Heard* v. *Wadham*, a case
similar to the one before us, Lord *Kenyon* said that it was
impossible for the plaintiff to answer the objection made to
his recovery on the covenant ; that he had covenanted to do
certain things which had not been done, but the other party
had indulgently accepted something else in lieu of that which
he might have insisted upon ; that the parol agreement so
substituted might be sufficient whereon to found an action of
assumpsit ; but that it could not be the foundation of an action
upon a covenant under seal, whereby the parties had bound
themselves to perform a different contract.

*Per Curiam.*— The judgment is reversed with costs.
Cause remanded, &c.

*J. Rariden*, for the plaintiff.

*J. S. Newman*, for the defendant.