Perkins, J.
— “ A release without consideration, when the fact could be shown, was void at common law, and if executed without a seal, its want of consideration might be shown. Jackson v. Stackhouse, 1 Cow. 122. But if sealed, it then, like all other specialties, imported a consideration, which, at law, could not be controverted. Leonard v. Bates, 1 Blackf. 172; 1 Chit. Pl. 362, note 2. Our statute, however, has abrogated this rale of the common law. By it, the consideration of any specialty, when made the foundation of, or set up as a defence to an action, may be enquired into in like manner as though it were a simple instrument. R. S. p. 710, § 214; Leonard v. Bates, supra; Patterson v. Salmon, 3 Blackf. 131. The release,in this case, was pleaded as a defence to the suit, and the question therefore arises, does the replication show it to have been-, given *163 without consideration ? It exhibits these facts; that the defendants were wrongfully in possession of 1260 canal land certificates, the property of the plaintiff, and that upon the plaintiff’s releasing them, generally, from liability, they returned to him 960 of these certificates. The question may, perhaps, be more distinctly presented thus: — A man tortiously seizes and leads away two of his neighbor’s horses. The neighbor calls for them and is informed that he can have one of the horses by relinquishing Ms claim to the other. He makes the relinquishment, and receives back one of Ms horses. Is that a relinquishment upon a valid consideration? We soy it is not. The delivery of one horse which the party was legally bound to return, would only be a consideration for a discharge from that obligation, not from that and another. It is true, that by such decision, the party releasing is enabled to break a promise with impunity, but it is one the opposite party had no right to extort, and which having been properly, or improperly, made, under such circumstances, it seems to us, putting the case on this ground, both justice and sound policy forbid should be enforced in a court of justice. There is, however, no good consideration for it and we need enquire no further. There are cases settling closely analogous principles. The payment of a part of a note when due, is no consideration for a promise to extend the time of payment as to the residue ; (Miller v. Halbrook, I Wend. 317;) much less, to relinquish the payment altogether. Payment of a part of any liquidated debt, when all is due, is not, of itself, a consideration that will support a plea of accord and satisfaction as to the balance. Bateman v. Daniels, 5 Blackf. 71; 1 Smith’s L. C. 146; Sibree v. Tripp, 15 M. & W. 23. We see no difference, in principle, between those and the present case. Here the plaintiff had a demand for 1250 canal land certificates, each of the denomination of five dollars; was entitled to receive exactly that number without regard to what might be their \ nine; and might have brought replevin for them. A part were given up, upon condition of a release of the claim to all being executed. It is. in reality, but the payment of part of a certain demand upon condition of the balance being surrendered.
“ We may remark, that we do not design this decision to extend beyond the precise facts stated in the replication. If it was the intention of the plaintiff, to make a gift of the certificates to the defendants, or there was a dispute as to the true number due, or the defendants as bailees had expended money, or care and trouble *164 about the keeping of said certificates, for which they were entitled to and claimed reward, these are circumstances that may vary the case. There is one other statement of facts, to which we do not design the decision to reach, and upon which we give no opinion. Suppose the release in this case had been given after suit commenced, and after the defendants had actually parted with all the certificates and converted them into money. The plaintiff’s claim in suit would then have been for damages for the converted certificates. Suppose, under these circumstances, he had agreed to release, and had released the defendants, upon their obtaining from those who might have held them, and returning to him 960, or any number of those certificates, would these facts have shown a consideration ?”
Judgment reversed, &c.