Nov. Term,
1848.                                HAYS *v.* MUIR.

HAYS
v.              Debt on a bond conditioned for the payment of 500 dollars, in case a cer-
MUIR.              tain deed conveying land, be held valid and effectual in law. Plea, that
                   the deed mentioned in said bond was not valid and effectual, because the
                   obligee had not, nor hath now, good title to the land. *Held,* that the
                   plea was good on general demurrer.

*Tuesday,*            APPEAL from the *Dearborn* Circuit Court.
*November* 28.        BLACKFORD, J.—This was an action of debt brought by
*Mary Muir* against *Walter Hays* and *Thomas Muir.* The
suit was founded on a bond, which, so far as it need be
noticed, is as follows:

"Know all men by these presents that I, *Thomas Muir*,
am held and firmly bound unto *Mary Muir*, for and in
consideration of a deed of conveyance this day made by
the said *Mary Muir* to me for the south half of the north
east quarter of section twenty-five, &c., in the sum of
500 dollars, &c. The condition of the above obligation
is such, that if the above deed is considered valid in law,
then the above obligation to be in force and effect against
me, if otherwise, to be void. Witness my hand and seal
this 11th day of *August,* 1831.

                                   " *Thomas Muir,* [L. S.]
                                   " *Walter Hays,* surety."

*Hays* pleaded in bar, that the deed of conveyance, in
the supposed writing obligatory mentioned, was not valid
and effectual in law to convey to the said *Thomas Muir*,
a good title to the land therein mentioned, because the
said *Mary Muir* had not, at the time of making said deed,
nor hath she ever since acquired, a good title to said land
or any part thereof. Conclusion to the country.

General demurrer to this plea, and the demurrer sus-
tained.

The other defendant, *Muir*, made default.

Final judgment for the plaintiff.

The only question in the cause is as to the validity of
the plea.

According to the condition of the bond as we under-
stand it, the bond was to be void if the deed mentioned

in it did not convey to the grantee a good title to the land.

The plea avers, that a good title was not conveyed by the deed, because the grantor had not a good title, &c.

It is obvious that, if the allegation in the plea be true, that the grantor had not a good title, &c., there was no good title conveyed, and the bond sued on was void by the express terms of the contract.

But it is said that the plea is bad for not setting out the facts showing that the grantor had not a good title, &c. We need not stop to inquire whether the plea could have been objected to on that ground by a special demurrer. The general allegation in the plea, that the grantor had not, when she conveyed, and did not afterwards acquire, a good title to the land, is sufficient, at all events, on general demurrer. Such an allegation is not a mere conclusion of law, but it is compounded of both law and fact and may be traversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. H. Dunn* and *P. L. Spooner*, for the appellant.

*E. Dumont*, for the appellee.