Nov. Term, 1851.

GORHAM
v.
REEVES.

---

GORHAM *v.* REEVES and Others.

Although a sealed note, given in part payment for certain real estate, be due before the time appointed for the execution of the deed, yet, if suit on the note be not commenced until after the time when the deed was to have been executed, the defendant may plead in bar of the action, that the plaintiff did not, on the day appointed by the contract, execute, or offer to execute, the deed.

To a suit by the payees of a promissory note, given in consideration of the conveyance of certain land by them to the maker, and commenced after the time appointed by contract for the execution of the conveyance, it is a sufficient defense to show that at the time when the conveyance was, by contract, to have been executed, the plaintiffs were not the owners of the land.

To a plea alleging such a defense, a replication that the plaintiffs, together with their wives, were the owners in fee of the land mentioned in the plea, but not averring that they were the owners at the time when the conveyance was to have been executed, is bad.

APPEAL from the *Hendricks* Circuit Court.

Wednesday, November 26.

BLACKFORD, J.—This was an action of debt commenced in *March*, 1846, by *Reeves* and others against *Gorham*. The suit is founded on the following sealed note:

" On or before the 15th of *August*, 1840, I promise to pay *Caleb Reeves*, *Henry Sanders*, and *John Sanders*, 200 dollars, for value received. *November* 8th, 1838. *Thornton F. Gorham*, [seal]."

There are two pleas in bar. The first plea states that the note sued on, with others, was given in consideration that the plaintiffs would, on the 15th of *August*, 1841,

Nov. Term,
1851.

GORHAM
v.
REEVES.

execute to the defendant a good deed in fee-simple for a certain tract of land (describing it); that the plaintiffs, on the day said note was given, executed to the defendant a title-bond, conditioned that they would convey to him said land in fee on said 15th of *August*, 1841. This plea further states that the plaintiffs did not, on said 15th of *August*, 1841, execute or offer to execute to the defendant a conveyance, according to the tenor and effect of said title-bond, though the defendant was, on the last named day, and has thence hitherto continued to be, ready and willing to pay to the plaintiffs the amount of said note, if they would make him a good deed for said land, according to the tenor and effect of said title-bond. Verification.

There was a general demurrer to this plea, and the demurrer was sustained.

The second plea is to the following effect: That, at the time of making said note, the plaintiffs falsely and fraudulently represented to the defendant that they were the owners in fee of the land mentioned in the first plea; that, in consideration that the defendant would execute to the plaintiffs the note sued on, with two others, and pay them 100 dollars in cash, they agreed to convey said land to the defendant, in fee, on the 15th of *August*, 1841, and gave him a title-bond binding themselves to make such conveyance on that day. Averment, that the defendant, confiding in said false representations, gave the said note, with the others before mentioned, and paid said 100 dollars in cash, to the plaintiffs, as the consideration for said land; that the plaintiffs, at the time said note was executed, were not the owners, nor was either of them the owner, in fee, of said land, nor had they or either of them been such owners from thence hitherto. Verification.

Replication to the second plea as follows:

The plaintiffs, as to the second plea, say *precludi non*, because they say that they, together with their wives, were the owners in fee of the land in said plea mentioned. Conclusion to the country.

General demurrer to this replication, and the demurrer overruled. Final judgment for the plaintiffs.

The first question is as to the validity of the first plea.

The note sued on was payable on the 15th of *August*, 1840. The consideration of the note, as alleged by the plea, was that the plaintiffs would convey to the defendant, in fee, on the 15th of *August*, 1841, a certain tract of land. As the suit was not commenced until after the day when the conveyance was to have been made, the note could not be treated as an independent contract. *Cunningham* v. *Gwinn*, 4 Blackf. 341. The conveyance, as alleged by the plea, was not executed on said 15th of *August*, 1841, nor was it offered on that day according to the tenor and effect of the contract. This default on the plaintiffs' part, as shown by the plea, prevents their recovery on the note sued on; and the plea must be considered, on general demurrer, a good bar to the action. *McCullough et al.* v. *Dawson*, Smith's R. 245 (1).

The next question is whether the replication to the second plea is valid.

The second plea shows the consideration of the note to be similar to that set out in the first plea; and it is alleged by the plea, not very formally to be sure, but in substance, that the plaintiffs were not the owners of the land on the 15th of *August*, 1841, when the deed was to have been made. See *Gorham* v. *Reeves et al.*, Smith's R. 239 (2). The replication in question, which states, in general terms, that the plaintiffs, with their wives, were the owners in fee of the land, without saying when they were such owners, is no answer to the plea. That replication would let in proof of the plaintiffs' ownership of the land at any time before the replication was filed. The replication, to have been valid, should have averred the plaintiffs' ownership of the land on the 15th of *August*, 1841, when, by their agreement, they were to have executed the conveyance. If they had no title to the land on that day, they could not comply with their contract, and had no right to recover, in this suit, on the note given in part payment of the purchase-money.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. S. Harvey*, for the appellant.

*C. C. Nave*, for the appellee.

(1) 1 Carter's Ind. R. 413.—(2) Id. 421.