## Mix *v.* Ellsworth.

Debt by *A.* against *B.* on a sealed note.  Plea, that the note, with three others
of like amount, was given for the purchase-money of a lot in *Lafayette,* par-
ticularly described, and for no other consideration; that at the time of exe-
cuting the note, *A.* agreed to convey the lot to *B.* on the payment of said
notes; that before the commencement of the suit, *B.* had paid all said notes,
except the one in suit; and that *A.* had not, before the commencement of
the suit, conveyed or offered to convey, on payment, &c., or otherwise.
*Held,* that the plea was sufficient in bar of the action.

ERROR to the *Tippecanoe* Court of Common Pleas. *Saturday, December 9.*
STUART, J.—Debt by *Ellsworth* against *Mix,* on a pro-
missory note under seal, for 100 dollars, due *November* 24,
1839.

Plea, that the writing obligatory sued upon, with three
others for like amount, was given for the purchase-money
of lot No. 22 in *Ensminger's* first addition to *Lafayette,*
and for no other consideration; that at the time of exe-
cuting the said writing, *Ellsworth* agreed to convey said
lot to *Mix,* on the payment of said writings obligatory;
that before the commencement of the suit, *Mix* had paid
all said notes except the one in suit, and that *Ellsworth*
had not, before the commencement of the suit, conveyed
or offered to convey, on payment, &c., or otherwise.   De-
murrer to the plea sustained, and judgment for the note
and interest.

Nov. Term,
1854.

Mix
v.
Ellsworth.

The sufficiency of .this plea in bar of the action is the only question presented.

On this point the ruling of this Court has not been uniform. The decisions are numerous; and a review of them would occupy more space than the importance of the question involved would seem to warrant. But for facility of future reference, some of the principal cases touching the correlative rights and obligations of vendor and vendee, are briefly noted.

*Leonard* v. *Bates,* 1 Blackf. 172.—*Muchmore* v. *Bates, id.* 248.—*Huntington* v. *Colman, id.* 348.—*Clark* v. *Redman, id.* 379.—*Meriwether* v. *Carr, id.* 413.—*Funkhouser* v. *Purdy, id.* 294.—*Davis* v. *Clements,* 2 Blackf. 3.—*Galletly* v. *The Board of Justices, &c., id.* 221.—*Sheets* v. *Andrews, id.* 274.—*Pence* v. *Smock, id.* 315.—*Patterson* v. *Salmon,* 3 Blackf. 131.—*Bryan* v. *Blythe,* 4 Blackf. 249.—*Cunningham* v. *Gwin, id.* 341.—*Warner* v. *Hatfield, id.* 392.—*Barbee* v. *Inman, id.* 420.—*Blann* v. *Smith, id.* 517.—*Bowers* v. *Trevor,* 5 Blackf. 24.—*Hunt* v. *Reeves, id.* 177.—*Loudon* v. *Robertson, id.* 276.—*Post* v. *Shirley, id.* 430.—*Owen* v. *Norris, id.* 479.—*Taylor* v. *Perry, id.* 599.—*Barickman* v. *Kuykendall,* 6 Blackf. 21.—*Martin* v. *Pace, id.* 99.—*Reynolds* v. *Smith, id.* 200.—*Holeman* v. *Lamme, id.* 222.—*Daniels* v. *Stone, id.* 450.—*Burrows* v. *Yount, id.* 458.—*James* v. *The Lawrenceburgh Insurance Company, id.* 525.—*Allen* v. *Smith, id.* 527.—*Smith* v. *Addleman,* 7 Blackf. 119.—*Henton* v. *Beeler, id.* 150.—*Hedges* v. *Bird, id.* 215.—*Brumfield* v. *Palmer, id.* 227.—*Davis* v. *Heady, id.* 261.—*Cox* v. *Hazard, id.* 408.—*Cox* v. *Wells, id.* 410.—*Brown* v. *Hart, id.* 429.—*Shirley* v. *Shirley, id.* 452.—*Hart* v. *Woods, id.* 568.—*Hays* v. *Muir,* 1 Ind. 174.—*Hook* v. *Nebeker, id.* 257.—*Clark* v. *Snelling, id.* 382.—*McCulloch* v. *Dawson, .id.* 413.—*Gorham* v. *Reeves, id.* 421.—*Cheek* v. *Morton,* 2 Ind. 321.—*Burton* v. *Johnson, id.* 339.—*Gorham* v. *Reeves,* 3 Ind. 83.—*Wright* v. *Blachley, id.* 101.—*West* v. *Chase, id.* 301.—*Ireland* v. *Chauncey,* 4 Ind. 224.—*Ellis* v. *Hubbard, id.* 206.—*Best* v. *Ellsworth, id.* 261.

The case at bar is not distinguishable from the two latter cases in 4 Ind., *supra.* The plea was, therefore, a good bar

to the action, and the demurrer to it should have been over-ruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. C. Gregory* and *R. Jones*, for the plaintiff.

*J. A. Wilstach*, for the defendant.