THE CHARLESTON AND JEFFERSONVILLE TURNPIKE COMPANY
*v.* WILLEY and Others.

Suit upon a promissory note given by the *Turnpike Company* for the purchase of the Central Plank-road. Answer: 1. That the purchase of the plank-road was not necessary. 2. That the plaintiffs had not conveyed the road by such a deed as by the contract of sale they were to have made.

*Held*, that as the turnpike company was incorporated by a private act, the Court could not judge of the quantum of power conferred, unless the act was pleaded and proved; and as this was not done, the first paragraph of the answer did not properly raise the question of the power of the company to make the purchase.

*Held*, also, that the power to purchase the plank-road might have been appropriately inserted in the charter of the turnpike company, or even been an incident of her general powers.

*Held*, also, that the second paragraph of the answer was bad, for not setting out a copy of the deed, or showing, by an averment of its contents, how it differed from that agreed to be made.

APPEAL from the *Clark* Circuit Court.

PERKINS, J.—Suit upon a note, of which a copy follows:

"$1,166.66⅔.

"Twelve months after date, the *Charleston and Jeffersonville Turnpike Company* promise to pay *John P. Willey, Shiveral Willey*, and *Dennis Willey*, jointly, the sum of $1,166.66⅔, payable twelve months after date, without relief

from valuation or appraisement laws, said sum being the third and last installment in the purchase of the Central Plank-road and its appurtenances of said Messrs. *Willey* by said *Turnpike Company*.

"D. H. McDANIELS,
"*May* 23, 1859. .    *Pres't of C. & J. Turnpike Co.*"

Answer: 1. General denial. 2. That it was not necessary for the *Charleston and Jeffersonville Turnpike Company* to purchase the plank-road. 3. That the plaintiffs had not executed, for the conveyance of the road; *such a deed* as they agreed to execute for that purpose.

Demurrer sustained to second and third paragraphs. Trial, and judgment for plaintiffs.

The demurrer was rightly sustained to the second paragraph of the answer. That was designed to raise a question of power in the corporation. The turnpike company was created and vested with powers by a private act. The Court could only know the quantum of power conferred through an examination of the act; but the Court could only examine it when pleaded and proved, or admitted. The defendant did not plead it in this case; and as she was seeking to avoid her own obligation, on account of defect of power, she should have made that defect manifest.

It is easy to see that a power to purchase the plank-road, in this case, might have been appropriately inserted in the charter of the turnpike company; or even been an incident to her general power. If there was an existing plank-road from *Charleston* to *Jeffersonville*, which had so gone to decay as to be useless for travel, but the company owning it had the right of way, the graded track, bridges, toll-houses, &c., and the turnpike company had a charter for a gravel turnpike between the same points, and could purchase the right of way, grade, bridges, &c., of the plank-road company, instead of obtaining, constructing, and building *ab origine*, if we may use the expression, certainly a note for the consideration of such purchase would be good.

The third paragraph is bad, because it admits the execution of a deed pursuant to the contract, and undertakes to deny

May Term, that the deed conformed to the contract; and yet it neither
1861.    states the contents of the deed executed, nor gives a copy
SUTHERLAND of it.    That paragraph is a negative pregnant, asserting, not
v.        facts, but a proposition of law without the facts upon which
FLYNN.
it rests.   A pleading is not necessarily demurrable because it
contains a negative pregnant, but that now under considera-
tion is so.   2 Bouv. Dic., p. 187, tit. Neg. Preg.

Per Curiam.—The judgment below is affirmed, with 5
per cent. damages and costs.

R. Crawford, for the appellant.

J. S. Harvey and J. W. Ray, for the appellees.

(1.) By counsel for appellant: The directors of the turnpike company
had no power to do any other acts than their charter authorized, and their
powers are to be fairly yet strictly construed.   Bank of Augusta v. Earl,
13 Pet. 520; Perrine v. Ches. and Del. Canal Co., 9 How. 172; Pearce v.
Mad. and Ind. Railroad Co., 21 How. 442; East Anglian Railroad Co. v.
Eastern County Railroad Co., 7 E. L. & E. R. 505; McGregor v. Dela. and
Dover Railroad Co., 16 id. 180; Mayor of Norwich v. Norfolk Railroad
Co., 30 E. L. & E. R. 120; Halstead v. New York, 5 Barb. 218; same
case affirmed, 3 Com. 430; Abbott v. Balt. and Rapp. St. Packet Co., 1 Md.
Chan. 542; Albert v. Sav. Bank, 2 Md. R. 159; Snyder v. Prest., &c.
Rockport, 6 Ind. 237.

The plaintiffs had more than a year in which to perform their agreement
to convey, and can not maintain this action without showing an actual or
offered conveyance.   Leonard v. Bates, 1 Blackf. 172; Warner v. Hatfield,
4 id. 392; Shirley v. Shirley, 7 id. 452; Mix v. Ellsworth, 5 Ind. 517.