*550 The opinion of the Court was drawn up by
Cutting, J.
The only question here presented is, whether the instruments declared on were sealed with the corporate seal. Upon an examination of the company’s authority to issue such instruments, it appears, that the obligations binding them and authorized to be issued by them or their legally constituted agents under the construction contract, were invariably denominated bonds. So that if such instruments are not bonds, but only simple contracts, then, not only this suit must fail, but all paper thus issued by the agents or officers of the company might possibly be avoided for the same reason. Most railroad companies by their charters have been authorized to issue scrip, which is defined to be an evidence of indebtedness, whether under seal or otherwise. But here under the contract the issuing of bonds was only authorized.
The instruments under consideration bear upon their face the imprint in red ink of what purports to be a corporate seal,'"bearing the title of the corporation with the year of its charter,” as authorized by a vote of the directors, under R. S. of 1841, c. 76, § 1, which makes all corporations capable, among other things, of "having a common seal, which they may alter at pleasure.”
That such imprint is recognized to be the common seal of the corporation is inferable from the language opposite, which is in these words — "In testimony of .which, pursuant to authority vested in us for this purpose, by the directors of said company, the seal of said company, and the signatures' of the president and treasurer thereof are hereunto affixed,” &c.
Here then is a substance affixed to the instruments more tenacious than wax or wafer, adopted and declared by the company to be their seal, and we know of no decision in this enlightened age which declares it to be otherwise.
It is true that in Mitchell v. Union Life Ins. Co., 45 Maine, 104, where it appeared that "the policy had upon it *551 a printed impression of the seal of the company,” the learned Judge is reported to have said — " The impression of a seal is not a seal.” At common law he was unquestionably correct, where a seal 3s defined to be — " cera impressa,” and, by his interpretation, an impression on paper, and not upon toax, would be no seal. Whereas by our statute it is provided that — "In all cases, in which the seal of any Court or public office shall be required to bo affixed to any paper issuing therefrom, the word seal shall be construed to mean the impression of such official seal made on paper alone.” Besides, in the case cited, it did not appear that the contract would be void without a seal; that the defendants ever adopted such impression as their seal, or that their agents affixed it as such.
In conclusion we would remark, in the language of Com-stock, J., in the celebrated case of Curtis v. Leavitt, 1 Smith, 90, that — "The corporate seal was plainly impressed on the bonds. They are declared on their face to be sealed; they were so intended, so far as we know; they were so accepted by the holders who advanced their money upon them, and so we must hold them to be.”

Defendants defaulted.

Appleton, C. J., Davis, Kent and Walton, JJ., concurred.