## WARNER v. HATFIELD.

If in the case of a sale of real estate, the deed is to be made and the price paid on the same day, the vendor cannot sue for the price unless he has, of his own accord, performed or offered to perform his part of the contract.

To such suit, a plea stating that the plaintiff had not executed the deed, (omitting to state that he had not offered to execute it,) is insufficient.

Pleadings must contain facts—not matters of law.

A contract to execute a good and sufficient title to real estate cannot be complied with, whilst a part of the premises are held by third persons under unexpired leases.

*Saturday, December 2.*

APPEAL from the *Henry* Circuit Court.

BLACKFORD, J.—An action of debt was brought by *Hatfield* against *Warner*, on a sealed note for 650 dollars, which is dated on the 26th of *October*, 1835, and made payable on the first of *March*, 1837. The defendant pleaded three special pleas in bar.

1. That the defendant, on the 26th of *October*, 1835, bought of the plaintiff a certain tract of land, and gave the note in

consideration that the plaintiff would, on the first of *March*, 1837, execute to the defendant a good and sufficient deed in fee-simple for the land, and for no other consideration whatever. The plea then avers, that the plaintiff neither did nor would, on the first of *March*, 1837, or at any other time, make or cause to be made to the defendant the said deed for the land, but that he had hitherto refused and still did refuse to do so; and that the consideration of the note had therefore failed.

2. That on the 26th of *October*, 1835, the plaintiff agreed, by a writing obligatory, to sell to the defendant a certain tract of land; that the defendant agreed to pay the plaintiff 650 dollars on the first of *March*, 1837, 500 dollars on the first of *March*, 1839, &c.; that the plaintiff, by his obligation, agreed that on the first of *March*, 1837, he would make a good and sufficient title to the defendant for the land, if the defendant should pay the 650 dollars. This plea then avers, that the note sued on was given for the payment of the 650 dollars on the first of *March*, 1837, and in consideration that the plaintiff would make to the defendant a good and sufficient title for the land on the first of *March*, 1837, if the defendant should make that payment, and for no other consideration. It is also averred, that the plaintiff neither did nor would, on the first of *March*, 1837, or at any other time, make or offer to make a good and sufficient title for the land to the defendant, but that he had hitherto refused and still did refuse to do so; and that the consideration of the note had therefore failed.

3. That the defendant executed the note in consideration that the plaintiff would, on the first of *March*, 1837, make the defendant a good and sufficient title to a certain tract of land, if the defendant should, on the first of *March*, 1837, pay to the plaintiff the 650 dollars in the note specified; and for no other consideration. It is then averred, that the plaintiff, before the making of the agreement and of the writing obligatory, executed to one *Anthony Holmes* and one *James Hamilton*, each, a lease for 10 acres of the land for the term of four years; which leases were in full force and unexpired; and that the 20 acres of land had been, ever since the execution of the leases, and still were, in the possession of *Holmes* and *Hamilton*. It is further averred, that the plaintiff neither did nor could, on the first of *March*, 1837, or at any other time, make or

50

cause to be made, or offer to make, to the defendant a good and sufficient title for the land, but that he had hitherto refused and still did refuse to do so; and that the consideration of the note had therefore failed.

The plaintiff having obtained *oyer* of the title-bond, the substance of which is set out in the second plea, replied to the first and second pleas, that the defendant had never requested the plaintiff to execute and deliver the deed of conveyance in the condition of the title-bond mentioned; concluding with a verification. To the third plea, the plaintiff replied, that he did not by the agreement in that plea mentioned, undertake to convey to the defendant the land therein described free from all incumbrances; concluding with a verification. To each of these replications, the defendant filed a general demurrer; and the Court, considering the pleas to be all insufficient, gave judgment in favour of the plaintiff for the amount of the note.

The replications are both evidently bad. The first relies upon the single fact, that the defendant had not made a demand of the deed. If the defendant, after having complied or offered to comply with his part of the contract, had sued the plaintiff for not executing the deed, the action could not have been sustained without proof that the deed had been demanded. *Sheets* v. *Andrews, Nov.* term, 1829. But no such demand need be shown by the purchaser when he is a defendant. If in such case, the acts of the parties were to be concurrent, and the vendor has not, of his own accord, performed or offered to perform his part of the contract, the suit must fail.

The second replication is also untenable. The plaintiff sets out the title-bond, which is conditioned for the plaintiff's making a good and sufficient title to the defendant for the premises; and he then says, that he did not, by this agreement, undertake to convey to the defendant the land free from all incumbrances. This is not stating a fact, but a conclusion of law. The plaintiff admits that he agreed to make a good and sufficient title to the land, but he says he is not by that bound to make a title free from incumbrances. Whether such is the legal effect of the agreement or not, is a question not of fact but of law; and it cannot, therefore, be directly raised by a replication.

The pleas in the cause are next to be examined.

The first plea cannot be sustained. The execution of the deed and the payment of the note were to take place at the same time, and were to be concurrent acts. It was sufficient for the plaintiff's recovery, if, at the appointed time and at the proper place, he was ready and willing to execute the deed and receive the money, and offered to do so, of which the defendant had notice. *Rawson* v. *Johnson*, 1 East, 203. The plea, therefore, should have averred, not only that the plaintiff did not execute the deed, but also that he did not offer to execute it.

The second·plea, which is in other respects similar to the first, contains the averment that the plaintiff did not offer to execute the deed. It is not therefore subject to the objection made to the first plea; and it is a good bar to the action.

There can be no objection to the third plea. The plaintiff was bound to make, or offer to make, a good and sufficient title to the land, before he could sue on the note. His part of the contract therefore could not be performed, whilst a considerable part of the land was in the possession of persons, holding under unexpired leases.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. B. Smith* and *D. Macy*, for the appellant.
*J. Rariden, J. S. Newman*, and *D. Kilgore*, for the appellee.