May Term, 1845.

HURST
v.
HENSLEY.

---

Thursday, May 29.

---

HURST, Executor, *v.* HENSLEY and Others.

The executor of a vendor of real estate (the vendor having died without making a deed, and before he was bound to convey) has the right, in a Court of equity, to require the heirs or devisees of the vendor to execute a deed according to the contract of sale, and to demand of the vendee payment of the

purchase-money ; and he is also entitled to enforce the vendor's lien for the price of the land.

HURST
v.
HENSLEY.

*Thursday,
May 29.*

ERROR to the *Clark* Circuit Court.

DEWEY, J.—On the 16th day of *April*, 1838, *Fischli* entered into a written contract with *Hensley*, by which the former agreed to sell to the latter a certain lot of land in *Jeffersonville* for 1,200 dollars payable in two years. *Fischli* was to make a deed in fee-simple, with general warranty, to *Hensley*, upon the payment of the purchase-money. *Hensley* executed his note for the money, and took possession of the lot. Before the expiration of the two years *Fischli* died, without having made a deed, the purchase-money remaining unpaid. *Fischli* left a will, by which he devised all his real estate to his nephews and nieces, and their representatives, who were his heirs at law. These devisees and heirs refused to make a deed to *Hensley*, and the latter refused to pay the purchase-money to *Fischli's* executor. Whereupon the executor, after the money became due, filed this bill in equity against *Hensley* and the devisees and heirs at law of *Fischli*, setting forth the above facts. The prayer of the bill is, that the Court will order and decree the devisees and heirs to execute a deed to *Hensley* according to the contract; that *Hensley* pay the complainant the purchase-money; and that, in default of the making of the deed and the payment of the money, the premises be sold for the satisfaction of the debt; general relief is also prayed. *Hensley* demurred to the bill for want of equity. The demurrer was allowed, and the bill dismissed.

We think this decision is erroneous. The executor of *Fischli* cannot sustain a suit at law on the note for the purchase-money, because no deed has been made, or offered to be made, to *Hensley* for the lot which *Fischli* contracted to convey to him. The payment of the purchase-money and the making of the deed being by the contract concurrent acts, no suit at law will lie for the money unless the deed has been made or offered to be made. *Warner* v. *Hatfield*, 4 Blackf. 392. The complainant is incompetent to make a deed himself, nor can he, without the aid of a Court, compel the devisees and heirs of *Fischli* (in whom is the legal title of the lot contracted to be sold to *Hensley*) to execute a conveyance.

The executor is, therefore, without remedy, unless he can re- <span>May Term, 1845.</span>
sort to equity to enforce the contract. We think this resort
is open to him. The personal representative of a vendor <span>PHIPPS</span>
who has deceased without having conveyed, and before he <span>v.<br>ADDISON.</span>
was bound to convey, has the right in a Court of equity to
require of the heirs or devisees of the vendor, to make a deed
according to the contract of sale, and to demand of the ven-
dee the payment of the purchase-money; and he is also enti-
tled to enforce the vendor's lien for the price of the land.
*Lacon* v. *Mertins*, 3 Atk. 1. Such are the objects of the bill
in this cause. The demurrer should have been overruled.

*Per Curiam.* — The decree is reversed with costs.
Cause remanded, &c.

*R. Crawford,* for the plaintiff.

*A. Lovering* and *H. P. Thornton,* for the defendants.

