## IRELAND v. CHAUNCEY and Others.

Assumpsit by executors on three promissory notes. *Plea,* that the notes described in the declaration, and another, of the same date, for 75 dollars, were all given to the testator in his lifetime, in consideration of the sale by the testator to the defendant of a certain tract of land, described therein, and for no other consideration whatever; that, at the time of the execution of the notes, the testator agreed to convey the land to the defendant on the payment of said several notes. Averment, that before the commencement of the suit the defendant had paid the 75 dollar note and 74 dollars on the first note described in the declaration, and that all the notes were due before the commencement of the suit; and that neither the testator in his lifetime, nor the plaintiffs, since his death, at any time before the commencement of the suit, had conveyed or offered to convey to the defendant the said land, upon the payment of the said notes. *Held,* that the plea was a bar to the action.

APPEAL from the *Tippecanoe* Court of Common Pleas.

May Term,
1853.

IRELAND
v.
CHAUNCEY.

Monday,
June 6.

ROACHE, J.—Assumpsit by the plaintiffs below, surviving executors of the last will of *Elisha Chauncey*, deceased, against the appellant, on three promissory notes, all bearing the same date, but payable at different times, the one last due being payable on the 25th day of *December*, 1848.

The defendant filed but one plea, in which he alleged that the three promissory notes described in the declaration, and another of the same date for 75 dollars, were all given to the testator in his lifetime, in consideration of the sale by the said testator to the defendant of a certain tract of land therein described, and for no other consideration whatever; that at the time of the execution of said promissory notes, the said testator agreed to convey the land to the defendant on the payment of said several notes. Averment, that before the commencement of this suit, the defendant had paid the 75 dollar note, and 74 dollars on the first note described in the declaration, and that all the notes were due before the commencement of this suit; and that neither the said testator in his lifetime, nor the plaintiffs since his death, at any time before the commencement of this suit, had conveyed or offered to convey to the defendant the said land, upon the payment of the said promissory notes.

To this plea a demurrer was sustained, and a judgment was rendered in favor of the plaintiffs on the notes.

The contract alleged in the plea is, in its legal effect, an agreement on the part of the plaintiffs' testator to convey the land to *Ireland* on the day the last of said notes fell due, to-wit, on the 25th day of *December*, 1848, provided that *Ireland* paid the note on receiving the deed. The averment being general, that the deed had not been delivered nor offered upon the condition of payment of the notes, at any time prior to the commencement of the suit, covers the day on which the deed should have been executed or tendered, and is equivalent to an averment that it was not tendered on the day.

It is substantially identical with the plea in the case of

*Ellis* v. *Hubbard*, decided at this term (1), and was a good bar to the action.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. C. Gregory* and *R. Jones*, for the appellant.

*J. A. Wilstach*, for the appellees.

