## MATHER and Others *v.* SHERWOOD and Wife.

Bill by the administratrix of the vendor of real estate (the vendor having died without making a deed, and before he was bound to convey), to subject the equity of the vendee, who held by title-bond, to the payment of the purchase-money. Decree that the land be sold for the payment of the purchase-money within sixty days; and that if paid within that time, the decree is to stand to the defendants in the place of a deed. *Held,* that the decree operated as a sufficient compliance with the terms of the title-bond, and properly enabled the administratrix to enforce the payment of the purchase-money.

*Quære,* whether every vendee does not necessarily contract with reference to the contingency of the death of the vendor before the maturity of the title-bond; and if so, whether it is not implied that he shall, in such contingency, accept such evidence of title as the courts are authorized to make, in lieu of that which the act of God has rendered impossible.

APPEAL from the *Lagranye* Circuit Court.

STUART, J.—Bill in chancery under the former practice, filed in *April*, 1853. The object of the bill was to subject the equity of the vendee, who held by title-bond, to the payment of the purchase-money. The cause was set down for hearing in the Circuit Court on the bill, answer, depositions, &c.; and decree in accordance with the prayer of the bill. *Mather* and others, defendants below, appeal.

Nov. Term,
**1856.**

MATHER
v.
SHERWOOD.

*Wednesday,
November* 26.

It appears that one *Nathan Merriman* bargained and sold the land described in the bill to *Don C. Mather* and *Watrous Mather*. Part of the purchase-money was paid by the acceptance of a third party, and a note executed for the residue. The vendor gave his title-bond for a deed, stipulating to make or cause to be made to the vendees, their heirs or assigns, a warranty deed, investing them with the fee simple title to the lands, at any time when called upon to do so, after the receipt of the purchase-money.

Before the payment of the money, or the execution of a deed, *Merriman*, the vendor died leaving minor heirs and *Luranah Merriman* his widow, who has since intermarried with *Lyman Sherwood*. *Luranah* is the administratrix of her former husband, and complainant with her present husband in this suit.

Before this action was commenced, *Watrous Mather*, one of the vendees, died, leaving several heirs, minors, non-residents, and, some of them, unknown.

Upon the land when sold there was a good saw mill, and it was covered with valuable timber. The bill alleges that the vendees took possession immediately after the purchase in 1841; that the mill has been suffered to go to ruin; and that the land has been stripped of its valuable timber.

The purpose of the statement and evidence on this point, seems to be to show that the parties could not, by a recision of the contract, be placed *in statu quo*.

The decree of the Court is that the land be sold for

Nov. Term,
1856.

MATHER
v.
SHERWOOD.

the payment of the purchase-money within sixty days; and that, if paid in that time, the decree is to stand to the defendants in the place of a deed.

And the only question raised in the Court below was, whether this was such a substantial compliance with the terms of the title-bond as to enable the administratrix to enforce the payment of the purchase-money.

The point is thus stated in the demurrer, and subsequently in the answer, viz.; that as *Merriman* departed this life before executing the deed, and leaving minor heirs incapable of executing such deed as the bond contemplates, the defendants *Mather* and others are not bound to accept any other conveyance, nor to pay the residue of the purchase-money.

In support of this position *Barickman* v. *Kuykendall*, 6 Blackf. 21, and *Dawson* v. *Shirley, id.;* 531, are cited. But the first case, 6 Blackf. 21, was an action at law to recover back the purchase-money paid on a contract void under the Statute of Frauds, and has no application to this case. The other, *Dawson* v. *Shirley, supra,* was also an action at law. The vendor sued the purchaser on a note given in part payment of the purchase-money, averring a tender of a deed, &c. It appeared that the deed was executed for husband and wife by an attorney in fact. The Court held that the vendee was not bound to accept such a deed, and hence, that the plaintiff could not recover on the note.

These cases at law have clearly no application to the case at bar.

The case of *Hurst* v. *Hensley,* 7 Blackf. 373, cannot be easily distinguished from that before us. There, the vendor died without making a deed and before the contract to convey had matured. After maturity, the executor of the vendor filed his bill in equity against the vendee and the heirs of the testator, praying a decree for a conveyance, and for the payment of the purchase-money, and in default, for the sale, &c. A demurrer to the bill for want of equity was sustained in the Court below. But the decree was reversed; and it was held

that the executor was entitled in equity to enforce the
vendor's· lien, correctly looking to the heirs for a title
and to the vendee for the purchase-money. This au-
thority seems conclusive of the rights of the parties in
the case at bar.

Nov. Term,
1856.

Mather
v.
Sherwood.

Without deciding anything on the point, the in-
quiry may be suggested whether every vendee does not
necessarily contract with reference to the contingency
of the death of the vendor before the title-bond has
matured. And as a consequence, whether it is not im-
plied that he shall, in such contingency, accept such
evidence of title as the law authorizes the courts to
make, in lieu of that which the act of God has rendered
impossible to be made. This has been the tacit under-
standing acted upon and enforced in the lower courts
for years.

*Per Curiam.*—The decree is affirmed with costs and
3 per cent. damages.

*J. B. Howe*, for the appellants. (1)

*R. Brackenridge, jr.*, for the appellees. (2)

(1) The following authorities were cited by counsel for the appellants:
A court of equity may enforce or rescind, but can never alter, take from
or modify a contract. *Shelby* v. *Smith*, 2 A. K. Marsh. 504. Nor decree
against its express stipulations. *Hollingsworth* v. *Fry*, 4 Dall. 345.

Although the money must have been paid or tendered to the vendor
before a deed could be demanded of him, the incapacity of his heirs to
convey excused the payment, and suit might be at once brought against
the administratrix upon the simple allegation of fact that the vendor
had died leaving minor heirs. *Blann* v. *Smith*, 4 Blackf. 517.—*Barick-
man* v. *Kuykendall*, 6 *id.* 21.—*Dawson* v. *Shirley*, 6 *id.* 581.

(2) For the appellees: In this case, it was not necessary to tender a
deed before suit to recover the balance of the purchase-money: according
to the bond, the deed was to be made "on demand, after the payment of
the note." 6 Blackf. 451.—7 *id.* 261.

When a contract is made for the sale of an estate, the vendor is a
trustee for the purchaser of the estate sold, and the purchaser is a trustee
of the purchase-money for the vendor. So that the death of the vendor
or vendee, before conveyance, is in equity immaterial. Sugden on Ven-
dors, 120. The infancy of the heir is immaterial even in proceedings
for specific performance. *Hogan* v. *McMurty*, 5 J. J. Marshall, 633.—
Dart's Vendors and Purchasers of Real Estate, 120.

· The object of the bill, in this case, is to enforce the vendor's· lien, and
the case is clearly supported by authority. *Hurst* v. *Hensley*, 7 Blackf.
373.—Sugden on Vendors, 121.—7 Blackf. 241.—*Id.* 227.—8 *id.* 120.