Nov. Term, 1861.

HASSELBACK
v.
SINTON.

---

## HASSELBACK and Others *v.* SINTON and Another.

It is no part of the duty of a clerk to place among the orders of the Court which he is directed to enter, the reasons or causes which influenced the Court in directing such order; but if the ruling is objected to, it should go upon the record by a regular exception taken and signed.

Suit upon a bill of exchange against the drawer and acceptor, the complaint alleging, as to the acceptor, that he accepted the said bill in writing, &c. Answer, by the acceptor, under oath, that he "did not undertake and promise as averred," &c.

*Held,* that the answer did not put in issue the execution of the acceptance.

APPEAL from the *Knox* Circuit Court.

*Saturday, December 14.*

HANNA, J.—The appellees, who were holders and indorsees of a bill of exchange, sued the appellants as acceptors, and

Nov. Term, 1861.

HASSELBACK
v.
SINTON.

others as drawers and indorsers of the same. The bill was payable to the drawers, who were the immediate indorsers of the plaintiffs. At the *September* term, 1858, there was judgment against the drawers who were indorsers as aforesaid.

As to the other defendants, the record shows that the case was continued from term to term, for divers reasons, until the *August* term, 1860, at which time all the papers in the case were lost; in the language of the record, "abstracted in open court, during the present term." An order was thereupon made, that the attorneys and clerk, &c., should file affidavits, &c., which are made part of the record, and show that said papers, as above stated, were lost. Thereupon, on leave of the Court, the plaintiffs filed a copy of their original complaint, to which the defendants demurred, which demurrer was sustained, and plaintiffs amended and moved the Court, supported by affidavit, that defendants be made to answer on the next day, which was so ruled. On that day *Hasselback* answered, under oath, that he did not "undertake and promise," as alleged, and filed therewith interrogatories, to be answered by plaintiffs. The attorney for the other defendants moved the court, supported by his affidavit, to continue the cause, to enable them to file answer and interrogatories. The cause was then continued to special term in *November*, and an order made that said answer and interrogatories should be filed "within twenty days from this date." They do not appear to have been filed within the time limited. At the *November* term, the entry of the clerk states that the parties appeared, and " *Wright, Jones* and *Pidgeon* moved the Court now here for leave to file answers in substitution of their original answers heretofore filed in said cause and lost, in these words." The clerk then set out said several answers, and the exhibits accompanying the same; and further states, "which notice was objected to by the plaintiffs' attorneys, and overruled and refused by the Court, to which ruling said defendants except. And because said defendants had failed to file their answer herein, in vacation, as ruled and ordered by this Court, and said complaint being unanswered by said defendants in manner aforesaid, plaintiffs pray the Court for judgment as upon default, as against *Wright, Jones* and

*Pidgeon.*" Said record further states that said defendants being thereupon called, again appeared, and offered to file said answers at once, which was again refused. Said Court then found as upon a default, and rendered judgment, &c. Afterward, at the same term, the motion of *Hasselback* for a rule for answers to the interrogatories by him filed was overruled, and exception taken. Trial, and judgment against him.

Nov. Term,
1861.

HASSELBACK
v.
SINTON.

It is now argued that the Court erred in three particulars: *First.* In refusing to permit certain of the defendants to file answers at the *November* term, 1860. *Second.* That the judgment against *Wright*, *Jones* and *Pidgeon* at said term, was erroneous in not providing that payment of the judgment against the drawers and indorsers of said bill should operate as a satisfaction of the judgment against said acceptors. *Third.* It was error to refuse the rule on plaintiffs to answer the interrogatories of *Hasselback*, and to render a separate judgment against him.

As to the first, it is insisted that we have no rule days, and that the offer to file the answers on the first calling of the cause, at the next term after the rule to answer was entered, is a sufficient compliance with the rule, although, by the same, a day was fixed in vacation for filing said answers.

The appellees, as to said first objection, say that as there is no bill of exceptions, showing the grounds upon which the Court refused to permit appellants to file their answers, we must presume in favor of said ruling; but, if we can examine it, then the same is right, because there was no affidavit or other evidence that the answers presented were copies of those lost. We have a statute as follows: "If an original pleading or paper be lost or withheld by any person, the Court may authorize a copy thereof to be filed, and used instead of the original."

The Court having ruled out the answers which were offered, they form no part of the record, unless made so by bill of exceptions; we would be left, therefore, to conjecture as to whether they were rejected because they showed, on their face, sufficient reason to authorize such ruling, or otherwise, if it was not for the statement in the clerk's entry,

giving the reason for such ruling. Can we notice that? If we can not, we will presume in favor of the action of the Court. It is no part of the duty of a clerk to place among the orders of the Court, which he is directed to enter, tne reasons or causes which influenced the Court in directing such order. It would greatly incumber a record to undertake to place upon the order book all the facts leading to every order made. If the ruling is objected to, it should go among the records by a regular exception taken and signed.

As to the latter part of the third point, even if the trial as to *Hasselback* should not have taken place, after judgment against his co-contractors, (a point about which we need express no opinion,) yet as no objection was made below on that ground, the objection now falls within the case of *Johnson* v. *Vutrick*, 14 Ind. 216. As to the first part of said objection, the defendant, *Hasselback*, had filed a verified answer, that he did not "undertake and promise" as averred. The averment was that the defendants, (naming the acceptors,) by their firm name of *Hasselback, Wright & Co.* accepted, &c. It is insisted that this averment is put in issue by the answer. None of the interrogatories would have elicited evidence applicable to the issue, if such was formed, unless it was the third, which was as follows : "State whether at the time said bill was assigned to you by *Kratz & Hilman* they did not advise you that the same was made upon the sole responsibility of *Wright*, and against the known and positive instructions of the defendants, *Pidgeon* and *Jones;* and what information was given you by them at the time of said alleged assignment, respecting its execution."

The first inquiry under the form of the answer, would appear to be, whether the same put in issue the execution of the acceptance, which purported to have been executed as averred.

There are two classes of answers: first, a denial of each allegation of the complaint, controverted by the defendant; second, a statement of any new matter constituting a defense, &c., 2 R. S., p. 39; and all defenses except a mere denial of the facts alleged by the plaintiff, shall be pleaded specially. *Id.*, p. 42. Every material allegation of the complaint, not specially

controverted by the answer, shall, for the purposes of the action, be taken as true. *Id.*, p. 44. Now there was no express allegation that the acceptors undertook and promised to do any thing. The *fact* that they accepted the bill, in writing, addressed to them, requesting them to pay, at a future day, a named sum, was stated. If there was an undertaking and promise, upon their part, the same arose out of the act thus alleged to have been performed, as the legal consequence of that act. The answer did not deny, nor controvert, the performance of the said act, but avers, affirmatively, that the pleader did not take upon himself this legal result of the act said by the plaintiffs to have been by him performed. Did this sufficiently deny or controvert the performance of the alleged act?

Under the old system a pleading which stated a mere conclusion of law was bad, *Warner* v. *Ha'field*, 4 Blackf. 394; so, blending matters of fact and law, 5 *id.* 193; so, pleading a conclusion of law, 1 *id.* 183; 2 *id.* 37, we suppose such pleadings would be equally open to objection now under the code. See *Seely* v. *Engell*, 17 How. 530; *Manice* v. *New Yrok Dry Dock Co.*, 3 Edw. Ch. R. 143; *Nill* v. *Comparet*, 14 Ind. 243.

Perhaps formerly, in assumpsit by the indorsee against the acceptor of a bill, and non-assumpsit pleaded, proof of the handwriting of the payee was required; but now that rule appears to have been changed by statute, 2 R. S., § 80, p. 44, which is, that, "where a writing, purporting to have been executed by one of the parties, is the foundation of, or referred to in any, pleading, it may be read in evidence on the trial of the cause against such party, without proving its execution, unless its execution be denied by affidavit before the commencement of the trial, or unless denied by a pleading under oath."

It is said that if the defendant fails to thus present the question of the execution of the instrument, he waives proof thereof, and excludes himself from offering evidence upon that point. *Unthank* v. *The Henry, &c.*, 6 Ind. 125.

We are not called upon to decide whether a general denial of each and every allegation in the complaint, verified by affidavit, would put in issue and require proof of the

signatures to the acceptance; for the reason that we are of opinion that the answer in question did not amount to such general denial.

It follows that any answers which might have been elicited to the interrogatories propounded, could not have been used under the issue pending, and the Court did not therefore err in refusing to compel such answers.

As to the second point of objection to the proceedings; it does not appear to have been raised in the Court below, and we do not think can be, under the circumstances, in this Court, for the first time.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*W. F. Pidgeon*, for the appellants.
*Samuel Judah*, for the appellees.