# IN GENERAL TERM, 1873.

JOHN D. CAMPBELL *v.* ADAM R. MILLER, Appellant.

CONTRACT—*non-performance of*—

On a contract of purchase, and sale, neither party can sustain a suit on the agreement for non-performance, without having first performed, or offered to perform, his part of the obligation.

*A. F. Denny*, for appellant.
*Hanna & Knefler*, for appellee.

NEWCOMB, J.—Campbell sued Miller on the following instrument:

" MR. A. R. MILLER.—I will give my lot on Pennsylvania street, and will assume an incumbrance of four thousand dollars on lot No. 4, in Adamson's sub-division, in the city of Indianapolis, and will pay the $28.00 interest that is now due on the $400 note to the State of Indiana, you paying the interest that is now due on the $3,600, (being $360,) for your house and lot, situated at No. 331 North Pennsylvania street. You assume my taxes and street improvements for 1870, and I will do the same on yours, and will take possession of your property on the 20th day of October, 1870, *and the said Miller obligating to pay me $400 for the 120 acres of land in Shannon county, Missouri, on the first day of August,* 1872, *provided it is not sold before that time,* and Miller paying the interest on the State of Indiana note for the year 1872.                                    J. D. CAMPBELL."

September 22, 1870.

" I accept the above proposition.

A. R. MILLER."

By way of explanation of the vagueness of the written contract, the complaint contains averments to the effect following: That Campbell was the owner of the property on Pennsylvania street, which he proposed to convey to Miller and which was wholly unencumbered; and that Miller was the owner of said lot No. 4, in Adamson's subdivision, which was largely encumbered, to-wit: *First*, by a mortgage to Mrs. Claypool in the principal sum of $3,600, with accrued interest to the amount of $360; and, *Second*, by a mortgage to the State in the sum of $400, with accrued interest to the amount of $28.00; that the defendant, Miller, then expressed a desire to pay off the said $400, and represented that he was the owner of 120 acres of land in Shannon county, Missouri, and agreed to convey the said 120 acres to the plaintiff, Campbell, and if plaintiff should not sell the land for $400 on, or before August 1, 1872, that he (Miller) would then pay Campbell said $400 for the said land, if he (Campbell) should have to pay the said $400 to the State, and that with this *understanding* and *agreement*, the plaintiff proposed to *assume*, and *pay* the said $3,600 lien, and said $400 lien, together with the $28.00 accrued interest thereon; that each of the parties had this *understanding of the facts* at the time of the making of the said proposition by plaintiff to defendant; that plaintiff was not then the owner of said 120 acres, but that the defendant was to convey the same to the plaintiff, and that *it was upon the faith that he would do so*, and upon the *faith* that the defendant would pay plaintiff $400 therefor on August 1, 1872, if plaintiff should not sell the same for that amount before that time; that the plaintiff agreed, and assumed to pay the said $400 to the State, together with the other sums aforesaid.

Plaintiff avers that it was upon this *understanding of the said contract* that he (defendant) afterward conveyed to plaintiff his said lot No. 4, and he (plaintiff) *afterward assumed*

*and paid the said Claypool lien,* and the defendant not having paid the said $400, and plaintiff having been wholly *unable* to sell the said 120 acres of land for $400, or for anything, and defendant failing to pay plaintiff $400 on August 1, 1872, the plaintiff paid the State the said $400 with interest.

Plaintiff then alleges and gives a more particular description of the 120 acres, and says that by the description given, he (the defendant) in pursuance of the *understanding of the contract* conveyed to him (plaintiff) the said 120 acres *on April 29th,* 1871, by his deed of that date.

A deed for the 120 acres of land was tendered with the complaint, and brought into Court; and the complaint states that no part of the $400 has been paid by Miller.

Prayer that the written contract be so reformed as to express the understanding, and agreement of the parties as stated, and that plaintiff have judgment against the defendant for said sum of $400, and interest thereon.

A demurrer to the complaint was overruled, and the defendant excepted.

On the issues of fact formed there was a finding for the plaintiff for $410.63, and judgment on the finding, over defendant's motion for a new trial.

We think the written memorandum, with or without the extrinsic facts stated in the complaint, shows an agreement by Miller to purchase the 120 acres of Missouri land of Campbell, at the price of $400, on the first day of August 1872, in case Campbell should not otherwise sell the same before that date.

It being a contract of purchase and sale, neither party could sue the other for non-performance, until he had first offered to perform his part of the obligation. A vendor cannot maintain an action against his vendee for the purchase money, when the whole thereof is due, without avering and proving a tender of a conveyance before suit brought.

Campbell *v.* Miller.

*Shirley* v. *Shirley*, 7 *Blackf.*, 452 ; *Cox* v. *Hazard, id.* 408 ; *Ireland* v. *Chauncey*, 4 *Ind.*, 224 ; *Bert* v. *Ellsworth, id.* 261 ; *Mix* v. *Ellsworth, 5th, id.* 517 ; *Mather* v. *Scales, 35th, id.* 1 ; *Mc Culloch* v. *Dawson*, 1 *id.* 413.

The complaint failed to aver a tender to Miller of a deed before suit. The demurrer should, therefore, have been sustained.

The judgment at Special Term is reversed, and remanded with instructions to sustain the demurrer to the complaint.

NOTE.—See *Chitty on Contracts, p.* 315, *and notes.*

In an action against the vendee for the purchase money, the vendor must show that he has prepared and tendered a deed of conveyance, or has offered to prepare and tender such deed, and has been discharged, or excused from preparing, and tendering it by the acts, or conduct of the vendee. *Green* v. *Reynolds*, 2 *John.*, 207 ; *Johnson* v. *Wygant*, 16 *Wendell*, 48 ; *Hunt* v. *Livermore*, 5 *Pick.*, 395 ; *Warner* v. *Hatfield*, 4 *Blackf.*, 392. See, also, *Tinney* v. *Ashley*, 15 *Pick.*, 546 ; *Sugden on Vendors, Ch.* 4.

What will satisfy an agreement to sell and convey ? See *Chitty on Contracts, and notes on pp.* 316, 324, *inclusive.*

The rule of damages is the purchase money agreed to be paid, and interest thereon, from the time of default in not fulfilling the agreement— (this where the deed has been made and tendered by the vendor). 4 *Greenleaf*, 258 ; 15 *Maine, (Robinson* v. *Heard)* 296 ; 33 *Maine, (Oatman* v. *Walker)* 67. See, also, *Fletcher* v. *Button*, 6 *Barb., Sup. Ct Reports*, 646.

For cases in which the language used in agreements, or covenants to convey has been construed by different courts. See *note on page* 319, *Chitty on Contracts.*

" Where the vendor acted *in bad faith*, the plaintiff would be entitled to recover, by way of damages, the difference between the contract price, and the enhanced value when the conveyance should have been made." See *Baldwin* v. *Munn*, 2 *Wend.*, 399; *Brinckerhoff* v. *Phelps*, 24 *Barb.*. 100 ; 43 *Barb.*, 469; also, *Foley* v. *McKegan*, 4 *Iowa*, 1 ; see *Sedgwick on Damages, tit.* " *Contracts* for sale of land," p. 195, *et seq.* See *Hilliard on Vendors*, *chaps.* 12, 14 *and* 25, *and pp.* 27 *and* 572.

An averment of readiness to perform is not sufficient. Where an agreement is to be executed on both sides at the same time, neither party can maintain an action without showing performance, or an offer to perform on his part. *Van Schaick* v. *Winne*, 16 *Barb.*, 89, 93.

A sufficient performance by actual surrender, or tender and refusal, must be averred in the declaration, as well as the further averment showing *what* title he had to convey. *Phillips* v. *Fielding,* 2 H., *Blackstone,* 123. See, further, *Hilliard on Vendors, p.* 575, *et seq, and notes;* see *Fry on Specific Performance, p.* 133, *Sec.* 383, *et seq., p.* 188, *Sec.* 608, *et seq.*—REPORTER.