### NEWBY *v.* VESTAL.

It is the province of the jury to reconcile conflicting testimony; and their finding thereon will not be disturbed, unless it is in violation of some principle of law.

An action for use and occupation is founded on a contract, express or implied, and lies only where the relation of landlord and tenant exists between the parties.

In a suit for use and occupation, proof that the relation of vendor and vendee exists between the parties, rebuts every implication of a promise by the defendant to pay rent.

Instructions may properly be refused which are not pertinent to the evidence.

APPEAL from the *Henry* Court of Common Pleas.

DAVISON, J.—Assumpsit by *Newby* against *Vestal*, for use and occupation. Verdict for the defendant. New trial refused, and judgment on the verdict.

Upon the trial it was proved that the plaintiff owned a house in the town of *Cadiz*, *Henry* county, which the defendant had used and occupied for the space of two and one-half years, and that the rent of said property was worth 2 dollars a month. This was sufficient to sustain the plaintiff's case. But, in defence, the defendant set up that he had entered upon and so occupied the premises

May Term,
1855.

NEWBY
v.
VESTAL.

under a contract of purchase from the plaintiff, and was not, therefore, liable to pay rent.  Upon this point the evidence was, to some extent, conflicting; but it was the province of the jury to reconcile it, and the verdict indicates their decision, that the premises, during the time for which rent was claimed, were occupied by the defendant as a vendee, and not as a tenant.  Such finding can not be disturbed, unless some principle of law has been violated.

An action for use and occupation is founded on a contract, express or implied, and lies only where the relation of landlord and tenant exists.  If, however, another relation existed between the parties, namely, that of vendor and vendee, every implication of a promise to pay rent for the premises is necessarily rebutted.  *Croswell* v. *Crane*, 7 Barb. (N. Y.) R. 191.—*Brewer* v. *Craig*, 3 Harr. 214.

At the proper time, the defendant moved the Court to instruct the jury as follows:

" 1.  If the plaintiff promised the defendant, when he took possession of the house, that he would let him ultimately have the property on his paying for it, still, unless the defendant offered to comply on his part, the plaintiff would have the right, after the defendant had voluntarily left the house, to recover for use and occupation.

" 2.  If such a contract as could have been enforced existed between the parties, but the defendant voluntarily abandoned the property, after occupying it two and one-half years, and refused to perform the contract on his part, the plaintiff has a right to recover rent for the use of the premises."

Whether, in the abstract, these instructions involve a correct exposition of the law, is a question not properly before us.  They were not pertinent to the evidence, and, on that ground, were correctly refused.  There is nothing in the record from which it can be inferred that the defendant voluntarily left or abandoned the premises, nor is it shown that he refused to perform his contract.  Indeed the evidence tends to show that he removed from the house because the plaintiff refused to fulfil his engagement respecting the property.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Grose*, for the appellant.

*J. T. Elliott* and *J. H. Mellett*, for the appellee.