MILES *v.* ELKIN and Another.

This Court will not hold that damages for refusing to comply with an arbitration-bond, touching differences growing out of a contract, can be made matter of recoupment, where the complaint does not indicate that the cause of action had any connection with such contract, and the evidence is not upon the record,—if, indeed, it would in any case; and certainly such damages could not be made matter of set-off.

Nothing can be recovered for use and occupation or for rent, where the premises were occupied under a contract of purchase, and that contract had been rescinded, and the property received back by the vendor.

This Court cannot say that the rejection of evidence was error, where there is nothing in the record showing its relevancy to the case made.

APPEAL from the *Clay* Circuit Court.

Tuesday, June 1.

PERKINS, J.—This was a complaint, substantially like the common counts, for goods, &c., sold, money paid, had and received, &c., in a declaration under the common-law practice. It was accompanied by a bill of particulars.

The defendant answered by general denial, and in a paragraph by way of counter-claim, asserting that on the 15th of *October*, 1855, the plaintiffs, *Elkin* and *Houston*, made a written contract with the defendant, *Miles*, for the purchase from him of certain real estate, called the *Clay Mills*, together with the books of account, stock of materials on hand, &c., and, in payment for the same, to pay a schedule of debts due from the defendant to certain persons, before the first day of *April*, 1856, and also to deliver, to the defendant, at *Newberg*, by the first of *November*, 1855, 200 barrels of flour, valued at 1,250 dollars. He avers that they took possession under the contract, collected the debts due upon the books, converted to their own use the stock on hand, but failed to pay or assume the debts owed, as by agreement they were to do, and to deliver to the defendant the 200 barrels of flour; that he was compelled to take back the mills, and sustained 5,000 dollars of loss.

He also claims a set-off for rents, goods sold, &c.

In another paragraph he alleges that the parties mutually agreed to arbitrate the matter, and entered into bonds, but that the plaintiffs failed and refused to comply with

the agreement to arbitrate, for which he claims damages on account of his trouble of preparation therefor, &c.

He also filed certain interrogatories to be answered by the plaintiffs. The various written instruments referred to were filed.

The plaintiffs replied by general denial, and in further paragraphs setting up that the defendant, *Miles*, represented the debts to be paid by the plaintiffs, at a much less sum than they actually amounted to, and that he had actually combined with certain of the creditors to get the debts nominally increased, for a fraudulent purpose, beyond their real amount; that he had no title to the mill property; that they had applied collections on the accounts, and proceeds of sale of personal property, to the payment of defendant's debts, &c.; that the rents claimed by defendant were for the use of the property while they held it as purchasers. They answered the defendant's interrogatories, and propounded certain others to be answered by him, which he answered.

The cause was tried by a jury, who returned a verdict for the plaintiffs of a fraction over 900 dollars, and the Court, over a motion for a new trial, rendered judgment on the verdict.

The evidence is not upon the record.

It appears by bills of exception—

1. That the Court sustained a demurrer to the paragraph of the answer claiming damages for the refusal to arbitrate pursuant to bonds given.

2. That the Court refused to strike from the bill of particulars the claim for rent while the mills were occupied under the contract of purchase, but nevertheless refused to permit proof of the value of the use and occupation of said mills.

3. That the Court refused to permit a certain quitclaim deed, named and copied in the bill of exceptions, to be read to the jury as evidence.

Upon the correctness of these rulings, the case turns in this Court.

There is nothing in the plaintiffs' complaint, indicating

that their cause of action had any connection whatever with the contract for the purchase of the mills, stock of materials, &c.; and as the evidence is not upon the record, nothing appears from which this Court can infer such connection.

This fact, of itself, renders it impossible for us to decide that damages for refusing to comply with an arbitration-bond, touching the differences growing out of that contract, would in this case, if indeed they could in any other, be made matter of recoupment; and, certainly, they could not be matter of set-off. They were not liquidated, and must be entirely uncertain. But another answer is, that the proper mode of recovering them must be a suit upon the bond.

As to the claim for use and occupation of the mills, &c., the defendant, in his answer, shows that the occupation was under a contract of purchase; that that contract had been rescinded, and the property received back by him. Under such a state of facts, nothing could be recovered as rent or for use and occupation. *Newby* v. *Vestal*, 6 Ind. R. 412.

As to the rejection of the deed as evidence, there is nothing showing its relevancy to the case made. Hence, we cannot say it was error to reject it.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

HANNA, J., was absent.

*D. E. Williamson, J. D. Howland,* and *J. A. Matson,* for the appellant.

*W. M. Franklin,* for the appellees.