CLARKE and another, Trustees of Superior City, vs. FAY.

*Entry of lands by the "corporate authorities of a town," in trust for the occupants
—Ch. 151, Laws of 1858.*

1. The act of Congress, approved May 23, 1844, entitled "An act for the relief of
   the citizens of towns upon the lands of the United States," &c. (5 U. S. Stat-
   utes at Large, 657), which empowers the corporate authorities of a town to enter
   surveyed public lands within the limits of such town in trust for the occupants,
   contemplates the corporate authorities of a town, city or village in the common-
   ly accepted meaning of those words, possessing and exercising the powers of a
   local or municipal government.

2. A body incorporated under the provisions of chap. 151, Laws of 1858, entitled
   "An act to authorize the inhabitants upon government lands to form themselves

into bodies corporate to carry out the provisions of an act of Congress approved May 23d, 1844," does not possess any powers of local or municipal government, and is not authorized to make the entry provided for in said act of Congress.

APPEAL from the Circuit Court for *Douglass* County.

Chap. 17 of the acts passed at the first session of the 28th Congress, approved May 23, 1844 (5 U. S. Statutes at Large, p. 657), provides as follows: "Whenever any portion of the surveyed public lands has been or shall be settled upon and occupied as a town site, and therefore not subject to entry under the existing pre-emption laws, it shall be lawful, in case such town or place shall be incorporated, for the corporate authorities thereof, and, if not incorporated, for the judges of the county court for the county in which such town may be situated, to enter, at the proper land office, and at the minimum price, the land so settled and occupied, in trust, for the several use and benefit of the occupants thereof, according to their respective interests ; the execution of which trust, as to the disposal of the lots in such town, and the proceeds of the sales thereof, to be conducted under such rules and regulations as may be prescribed by the legislative authority of the state or territory in which the same may be situated," &c.

Chap. 151 of the general laws of this state for 1858 provides as follows: "Section 1. Whenever any of the public lands of the United States, within the limits of this state, have been or shall be hereafter settled upon, occupied and claimed as a town or village site, it shall be lawful for the inhabitants, occupants and claimants thereof, or a majority of them, to meet at such time and place as they may agree upon, and, when so met, to organize themselves into a body corporate by choosing a chairman and clerk, and agreeing upon a corporate name and articles of association, by the terms of which the rights of the *bona fide* claimants of such lands shall be protected ; and by choosing three trustees of such corporation. Such articles of association shall define the duty of such trustees, and shall also determine the tenure of its officers and the time

and manner of holding further elections of such corporation. Section 2. The trustees of such corporation shall have power to establish all such by-laws as may be needful and consistent with the provisions of this act." Section 3 provides for recording a certified copy of the proceedings of the first meeting, as evidence of the existence of the corporation. " Section 4. The trustees so as aforesaid chosen, and their successors in office, shall have full power and authority to enter or purchase said lands at the proper land office in trust for the corporation whom they represent, according to the provisions of the laws of the United States in relation to town sites, and to convey the same to the proprietors thereof according to their respective interests therein, according to the laws of this state." The fifth (and last) section provides that the act shall be in force after its publication.

This action was brought by *Ethan C. Clarke* and two others, as trustees of Superior City in this state, against *Vincent Roy, Jr.*, to compel him to convey to the plaintiffs as such trustees, certain lands for which, it is alleged, he had fraudulently and illegally obtained a patent from the United States. The complaint alleges that " the inhabitants, occupants and claimants of Superior City, or a majority of them, on or about the 16th of November, 1858, met at Superior City, and proceeded to organize themselves into a body corporate, according to law, by the name of Superior City, and duly elected trustees, and filed articles of association, and complied with the statute, and became and were duly and properly organized, and have [continued] and still continue such organization, and that the said plaintiffs are the present trustees of said Superior City, duly authorized to act as such." It then describes "the lands upon which such inhabitants and occupants resided, and which they claimed as a town site;" and alleges that " the trustees of said Superior City, according to law, applied to enter and locate said lands for the benefit of the occupants thereof," and sets forth various proceedings subsequent to this application, which

resulted in the issue to said trustees of a patent for *a part* only of the lands so claimed, and the issue of a patent to the defendant for another part thereof, which is the land in dispute.

The defendant demurred to the complaint as not stating a cause of action ; and the plaintiffs appealed from an order sustaining the demurrer.

*Henry Bennett* and *Conger & Hawes*, for appellant.

*Henry N. Setzer*, for respondent.

DIXON, C. J. The act of congress approved May 23, 1844 (5 U. S. Stat. at Large, 657), obviously contemplates the corporate authorities of a town, or place incorporated for the purpose and possessing and exercising the powers of a local or municipal government, such as a town, village or city, according to the commonly accepted meaning of these words. The corporate authorities of such a town or place are authorized to enter, at the proper land office, such portions of the surveyed public lands within the corporate limits of such town or place, as have been or shall. be settled upon and occupied as a town site, in trust, for the several use and benefit of the occupants thereof, &c. The complaint does not aver that any such corporation existed or was organized on the 16th day of November, 1858, or that it now exists, or that the plaintiffs or their predecessors in office are or were the trustees of any such corporation. On the contrary, the reasonable and just inference is, that the " body corporate," of which the plaintiffs aver themselves to be the trustees, was organized under the act of the legislature of this state, approved May 17th, 1858 (Laws of 1858, chap. 151), and under which neither the plaintiffs nor the corporators possess any power whatever of local or municipal government. Such trustees were not authorized to make the entry. It follows, therefore, that the complaint is defective in substance, and that the order sustaining the demurrer must be affirmed.

*By the Court.*—Order affirmed.