## Perry vs. Superior City.

1. The organizations provided for by chap. 151, Laws of 1858, being designed solely to enter lands and receive title in trust for the settlers thereon, pursuant to a certain act of Congress, and being in fact incapable of performing those acts (*Clarke v. Fay*, 20 Wis. 478), cannot contract for services to accomplish that object.
2. If the federal government treats those organizations as competent to enter land, etc., under the act of Congress, and issues patents to them, *quære*, whether one who has rendered them such services could, by any equitable proceeding, compel those for whose benefit the titles are acquired to compensate him, or whether his only remedy is by presenting his claim under chap. 275, Laws of 1861.

APPEAL from the Circuit Court for *Douglass* County.

Action to recover for services rendered, etc. The complaint alleged, in substance, that the defendant was a corporation formed under chap. 151, Laws of 1858, and acts amendatory thereof; that the plaintiff had been employed by the defendant as its attorney in conducting, arguing and defending various actions and proceedings before the several branches of the United States Land Department, and recovering and preserving to the defendant a considerable quantity of public lands; and that for such services the defendant was justly indebted to the plaintiff in the sum of $10,354.

The defendant demurred to the complaint as not stating a cause of action; and plaintiff appealed from an order sustaining the demurrer.

*Joshua A. Stark*, for appellant, argued that although this court had held that defendant was not such a corporation as was intended by the act of Congress of 1844, yet the complaint shows that it has, in fact, been treated as such by the United States authorities; that it was a corporation in fact, engaged in the management and protection of interests and property of great value; that it was competent to employ plaintiff's services, and was legally bound to pay him for them, such services being within the scope of its powers and directly in promotion of the objects of its creation; that the power to contract therefor is distinctly recognized by chap. 275, Laws of 1861; and that the particular remedy afforded by said last named chapter is cumulative, the common law remedy not being taken away expressly or by necessary implication. 1 U. S. Dig., p. 61, § 82; 1 Chitty's Pl. 97, n.; 5 Abb. Dig., Tit. " Statutes," §§ 207, 208.

*H. N. Setzer*, for respondent, argued that chap. 151, Laws of 1858, is repugnant to the policy and contrary to the provisions of the act of Congress of May 23,

1844 (*Clarke v. Fay*, 20 Wis. 478); and that contracts which have for their object anything repugnant to the general policy of the law, or to the provisions of a statute, are void. *Thalimer v. Brinkerhoff*, 20 Johns. 396; *Pennington v. Townsend*, 7 Wend. 278; *Collins v. Blantern*, 1 Smith's L. C. (ed. of 1844), p. 273, and notes, pp. 283, 284, and cases there cited.

PAINE, J.   Under the decision in *Clarke et al. vs. Fay*, 20 Wis. 478, the order sustaining the demurrer to the complaint must be affirmed.   It was there held that the organizations authorized by chap. 151, Laws of 1858, were not authorized to make the entry of lands, and receive the title in trust for the settlers, as contemplated by the act of Congress therein referred to. Without entering upon any re-examination of the correctness of that conclusion, it seems to follow from it, that the organizations provided for by that statute of this state have no substantial powers whatever.   The act evidently was passed upon the assumption that the organizations under it would be such as were contemplated by the act of Congress.   It was designed solely to accomplish that result.   No powers are conferred except such as are incidental to that principal power.   When that fails the whole act fails.   It has no further function to perform.   And as those organizations could not enter the lands nor take the title, it follows that they could not contract for services to accomplish that object.   And this action, being upon the contract only, cannot be sustained.

Whether if, notwithstanding the decision of this court, the proper departments of the federal government treat those organizations as being such as were contemplated by the law of Congress, and issue patents to them for the purposes provided for by that law, there would be any equitable mode of compelling those for whose benefit the titles are so acquired to

make compensation for services like those of the plaintiff, or whether his only remedy was to present his claim under chap. 275, Laws of 1861, we cannot now determine. It seems to follow necessarily from the former decision, that no action can be sustained directly against the organization, on the contract itself.

*By the Court.*—Order affirmed.