## NANCE v. ALEXANDER.

LANDLORD AND TENANT.—*Action for Use and Occupation.*—A suit for use and occupation of real estate can only be sustained where the relation of landlord and tenant exists expressly or by implication.

SAME.—Evidence showing that real estate was taken possession of under a claim of purchase at a constable's sale, and by force, will not support an action for use and occupation.

From the Clark Circuit Court.

*J. B. Meriwether*, for appellant.

PETTIT, C. J.—The appellee sued the appellant, to recover for the use and occupation of a house for two years, demanding judgment for four hundred dollars.

Answer of general denial; trial by the court, finding for the plaintiff, and, over a motion for a new trial, judgment on the finding for two hundred dollars.

The only question in the case is as to the sufficiency of the evidence, under the law, to sustain the finding and judgment. We set out the whole evidence. The plaintiff testified:

"I am the owner of the buildings on lot number 227, in the city of Jeffersonville; the houses are built on leased ground; the ground belongs to Mr. Elliott, and I hold the lease and own the houses; there are three tenements on the lot, all of which belong to me; I owned them on the 27th

day of November, 1869 ; at that time Mr. Nance and Miller, the constable, took possession of one of my houses on lot number 227, under a pretended constable's sale made by Miller to Nance ; the sale was afterward set aside ; I did not get possession of my house again for one year and eight months ; Mr. Nance occupied the house about two months ; he used it as an auction house ; he and Miller were in partnership in it ; after Nance went out of it, it was vacant for a while, and then Nance sold it to Mr. Bell, and Mr. Bell occupied it for some time, and sold it to Whitlaw, and he sold it to Switzer ; it was one year and eight months from the time Miller and Nance first took possession of my house until I got possession of it again ; I lived in the house adjoining it, and was present when Miller and Nance took possession ; they took it by force ; they forced open the door and went in ; I lived next door and adjoining it all the time, from the time Miller and Nance took it until I got it back again ; I knew when Nance went out of it, and when he sold it to Bell and Bell went in ; after Bell left it, I got possession of it, but Whitlaw had bought it from Bell, and he took it from me by forcing the door open and getting in, and held the possession from me ; the use of the house was worth fifteen dollars per month ; Nance only kept the house two months ; Nance was never a tenant of mine."

Emmons Waldron testified on behalf of plaintiff : " I live in the house described by Robinson Alexander ; have lived in it two months ; I pay fifteen dollars per month rent ; don't know what it was worth in 1869 and 1870 ; I did not live in Jeffersonville then."

This was all the evidence of the plaintiff, and the defendant gave this evidence :

William Nance, the defendant : " I bought the house on lot number 227 at constable's sale ; I occupied it about six weeks, not exceeding two months ; I was put in possession of it by the constable ; after I had been in it about six weeks or two months, I traded it to James W. Bell ; Bell occupied it several months, and sold it to Whitlaw, and afterward Whitlaw sold it to Switzer ; when each one sold it, he gave up the posses-

sion; Robinson Alexander lived next door, on the same lot, and knew when I went out of it, and when Bell went into it and out of it; he was present when I moved out; the use and occupation of the house was worth about eight dollars per month; Bell occupied it about six months, and Whitlaw and Switzer the balance of the time."

Simon L. Johnson, testified this: "I reside in Jeffersonville, and know the value of the rent of the house on lot number 227; it was worth, at the time spoken of by Alexander, for the twenty months he says he was out of the possession, about ten dollars per month; that would be a liberal rent for it."

The finding and judgment cannot be sustained on the evidence. A suit for use and occupation can only be sustained where the relation of landlord and tenant exists expressly or by implication. The evidence in this case shows no such state or relation between the parties. *Newby* v. *Vestal*, 6 Ind. 412; *Hanes* v. *Worthington*, 14 Ind. 320; Washb. Real Prop., vol. 1, 512, 513; *Wiggin* v. *Wiggin*, 6 N. H. 298; *Ackerman* v. *Lyman*, 20 Wis. 478.

The judgment is reversed, at the costs of the appellee, with instructions to sustain the motion for a new trial.