No. 10,416.

TINDER *v.* DAVIS ET AL.

LANDLORD AND TENANT.—*Contract.*—*Occupant.*—*Rent.*—*Statute Construed.*—
The statutory provision, that "The occupant, without special contract, of any lands shall be liable for rent," does not apply to one who lives with and as a member of the family of a tenant by contract.

SAME.—*Possession.*—*Holding Over.*—A tenant who, with the consent of the landlord, continues in possession after the expiration of his term, is a tenant by contract; and one who, as grandmother and governess of his children, makes her home with him, is not an occupant liable under the statute for rent.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellant.
*L. M. Campbell,* for appellees.

WOODS, C. J.—The appellees recovered judgment against the appellant Delilah Tinder and one Roach, for the use and occupation of a house in Danville. Roach has declined to join in the appeal. The appellant claims that the verdict against her is not sustained by sufficient evidence, and that the court erred in giving and refusing instructions to the jury.

There is no essential conflict in the evidence. It shows that Mary Davis owned the house until March, 1880, when she died intestate, leaving the appellees her only heirs at law; that in 1878 Mary Davis leased the property to Roach for one year; that Roach, with his family, consisting of his wife and seven children, took possession of, and continued to occupy, the house during the life of the lessor, paying the rent until February before her death, and afterwards occupied for eighteen months, for which the rent was not paid, for the recovery of which this suit was brought. The evidence shows further that shortly after Roach took possession his wife, who was the daughter of the appellant, died, and from that time the appellant lived with him, assisting in the care and management of his household and children. There is no evidence of an agreement or understanding between the parties or any of them that the appellant should be responsible for the rents, and we think it clear upon the facts that she did not become responsible therefor. Roach became in the first instance the tenant by express contract with the owner, and so long as he was permitted to hold, though beyond the term of the original lease, he remained the tenant, answerable for rent as stipu-

lated in that contract. *Tolle* v. *Orth*, 75 Ind. 298 (39 Am. R. 147), and cases cited.

Counsel for the appellee refers to the statutory provision that "The occupant, without special contract, of any lands shall be liable for the rent to any person entitled thereto," R. S. 1881, section 5222, and cites *Wills* v. *Wills*, 34 Ind. 106, as enunciating the proposition that "the right of action in fact does not stand upon any contract or agreement, but arises from principles of equity and good conscience." But this is the court's statement of the position of counsel in that case, and not the point decided. On the contrary the decision, which is upon a question of pleading, assumes that in such a case the action is "for a money demand on contract," and that "the contract is implied." Otherwise the case would be inconsistent with those which declare that a suit for use and occupation can be sustained only when the relation of landlord and tenant exists. *Newby* v. *Vestal*, 6 Ind. 412; *Nance* v. *Alexander*, 49 Ind. 516. See, also, *Marquette, etc., R. R. Co.* v. *Harlow*, 37 Mich. 554; S. C., 26 Am. R. 538; *Kiersted* v. *Orange, etc., R. R. Co.*, 69 N. Y. 343; S. C., 25 Am. R. 199.

But if it were conceded that, by reason of the statutory provision quoted, there may be an action for the use and occupation of land, where there is no contract either express or implied, it would not help the case of the appellees; for here there was a contract with Roach which made him the tenant; and, notwithstanding the appellant went to live with him, in the fullest sense possible to infer from the evidence, taking the charge and management of his household, making his home her own, she did not become an occupant in the sense of this statute.

The court refused an instruction to the effect that if the appellant went into the family of Roach as the grandmother and governess of his children, and lived there in that relation and as a member of the family, and not otherwise, during the time alleged in the complaint, she was not liable. Of its own

motion the court instructed that if the appellant was a visitor or a hired servant in the family of Roach, and not making her abode there, she was not liable. This implies that she was liable if not a visitor or servant, or if, though a servant, she was making her home with Roach. The instruction asked by appellant would have excluded this erroneous implication, and ought to have been given.

Judgment reversed, and cause remanded, with instructions to grant a new trial.