No. 13,410.

BETTS v. QUICK, ADMINISTRATOR.

LANDLORD AND TENANT.— *When Such Relation is Implied.*— *Complaint to Recover Rent.*—*Sufficiency of.*—Where a complaint charges that the defendant is indebted to the plaintiff in a certain sum for the rent of described real estate, the law implies the existence of the contract relation of landlord and tenant, and the complaint is not bad because it fails to aver that fact.

PLEADING.— *Uncertainty.*—*Remedy for.*—The remedy for uncertainty in a pleading is a motion to make more specific, and not a demurrer.

From the Bartholomew Circuit Court.

*W. H. Everroad* and *J. C. Orr*, for appellant.

*G. W. Cooper* and *C. B. Cooper*, for appellee.

HOWK, J.—In this case, appellant, Betts, filed his claim, in two paragraphs, against the estate of John Godfrey, deceased. The administrator's demurrer was sustained to the first paragraph of such claim. Issues were formed on the second paragraph of the claim, and were tried by a jury, and a verdict was returned for the claimant, Betts, assessing his damages in the sum of forty-two dollars. Over claimant's motion for a new trial, the court rendered judgment allowing his claim in the sum of forty-two dollars, the damages assessed by the jury, and for his costs herein expended prior to September 21st, 1885, taxed, etc. And the court, having sustained the administrator's motion for the taxation of costs, further adjudged that the claimant pay all costs herein made subsequent to September 21st, 1885, taxed at, etc.

From such judgment the claimant, Betts, has appealed to this court, and has here assigned as errors, (1) the sustaining of the demurrer to the first paragraph of his claim herein, (2) the overruling of his demurrer to the second paragraph of the administrator's answer, (3) the overruling of his demurrer to the third paragraph of such answer, and (4) the overruling of his motion for a new trial. We will consider

these several alleged errors in the order of their assignment, and decide the questions thereby presented.

1. In the first paragraph of his claim or complaint herein, the claimant, Betts, alleged that the decedent, John Godfrey, was indebted to him in the sum of one hundred and fifty dollars on an account, as shown by bill of particulars filed therewith and made part thereof; that said sum of money so due was for rent of, to wit, ten acres of real estate, by parallel lines, off of the north end of a certain described tract of land in Bartholomew county, for the years 1879 to 1884 inclusive, and was due and unpaid; and that such decedent was further indebted to the claimant in the sum of fifty dollars for the use of timber cut and removed by the decedent from such real estate, during the years aforesaid, which sum was then due and unpaid. Wherefore, etc.

In their brief of this cause, claimant's counsel say: "The first paragraph of the complaint was good. It simply set forth a cause of action in assumpsit, with a bill of particulars, and was in no particular subject to a general demurrer. This proposition is too evident to need the citation of a single authority." This is the entire argument of plaintiff's counsel in support of their claim that the first paragraph of the complaint was good, and that the sustaining of the demurrer thereto by the court below was an erroneous ruling.

On the other hand, the administrator's counsel contend that the first paragraph of complaint is clearly bad, and that the court committed no error in sustaining the demurrer thereto.

Counsel say: "A complaint on an account for rent must show two things: First. That the plaintiff is the owner of the real estate on which he seeks to collect rent, or is otherwise entitled to the rents and profits thereof. This proposition is so clearly right that it needs no discussion. Second. It must show that the relation of landlord and tenant existed between plaintiff and defendant. * * * * * This paragraph of complaint has neither of those essential averments."

In support of their argument, counsel cite and rely upon *Newby* v. *Vestal*, 6 Ind. 412, and *Nance* v. *Alexander*, 49 Ind. 516. In each of those cases the question arose upon the evidence, and in neither of them did the court decide that, in an action for the recovery of rent, the plaintiff must allege in his complaint that he was the owner of the real estate or otherwise entitled to the rents and profits thereof, or that the relation of landlord and tenant existed between him and defendant.

In *Newby* v. *Vestal*, *supra*, the action was assumpsit for use and occupation, but the evidence showed that defendant occupied the land under a contract of purchase as the vendee of the plaintiff; and it was held that the finding and judgment for defendant below was right, and must be affirmed. The court said : "An action for use and occupation is founded on a contract, express or implied, and lies only where the relation of landlord and tenant exists. If, however, another relation existed between the parties, namely, that of vendor and vendee, every implication of a promise to pay rent for the premises is necessarily rebutted." To the same effect, substantially, are the following cases : *Miles* v. *Elkin*, 10 Ind. 329; *Nance* v. *Alexander*, *supra*; *Tinder* v. *Davis*, 88 Ind. 99 ; *Pittsburgh, etc., R. W. Co.* v. *Thornburgh*, 98 Ind. 201.

In each of the cases cited, however, the question arose, as in *Newby* v. *Vestal*, *supra*, upon the evidence on the trial, and was not presented, as it is in the case at bar, by a demurrer to plaintiff's complaint.

In *Pittsburgh, etc., R. W. Co.* v. *Thornburgh*, *supra*, the language of plaintiff's complaint for the recovery of rent was substantially the same as that of the first paragraph of complaint now under consideration. In that case the sufficiency of the complaint was called in question for the first time by an assignment of error here, but for a different reason from that now urged in this case by appellee's counsel ; and it was held that the complaint was sufficient after verdict.

We are of opinion that the first paragraph of claimant's

complaint herein stated facts sufficient to constitute, *prima facie,* a good cause of action, and to require of defendant an answer to the merits.    In such first paragraph the claimant charged the present, existing, due and unpaid indebtedness of the defendant to him, in a certain sum of money, for the rent of a certain parcel of real estate, particularly described, during certain specified years, all of which facts, except as to the amount of the indebtedness, are conceded to be true by defendant's demurrer.    From these admitted facts the law implies the existence of the contract relation of landlord and tenant between the plaintiff and defendant ; and this implied contract or promise to pay rent for the premises can only be rebutted or overcome by the defendant's showing that some other relation than that of landlord and tenant existed between him and the plaintiff.    *Newby* v. *Vestal, supra.*

Perhaps some of the averments of the first paragraph of the complaint were too indefinite and uncertain, but, as we have often decided, the remedy for such defects in pleading is a motion to make more specific, and not a demurrer.  *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 110 Ind. 225, and cases cited.

The court erred, we think, in sustaining the demurrer to the first paragraph of the complaint herein. As this decision will render it necessary to reform the issues in the cause, we need not now consider the other errors complained of.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the first paragraph of complaint, with leave to both parties to amend, etc.

Filed March 23, 1888.