No. 13,311.

## HOPKINS v. RATLIFF.

LANDLORD AND TENANT.—*Invalid Contract to Devise Land.—Repairs Made by Tenant.—Liability of Landlord.*—Where one goes into possession of land under an oral agreement with the owner by which the latter is to erect a house thereon and devise the land to him, he in the meantime to pay rent for the premises, the relation of landlord and tenant exists, and the occupant can not, upon the owner failing to erect the house, charge the owner with the cost of repairs made at the latter's solicitation upon a house already on the land, unless he has agreed to pay therefor.

SAME.—*Failure of Landlord to Erect House as Agreed.—Remedy of Tenant.*—In such case, if the failure to build the house as agreed resulted in damages to the tenant by reducing the value of the leasehold, his remedy is an action for such damages; or he might have erected the house and recovered the cost.

REAL ESTATE.—*Possession Under Contract to Devise.—Repudiation of Contract.—Liability for Improvements.*—A will can not speak until the testator's death, and hence one who has gone into possession of land under an agreement whereby he is to become the owner thereof by devise, can not, prior to the testator's death, on information that the will as executed does not conform to the agreement, repudiate the contract and maintain an action on account for improvements made.

From the Wells Circuit Court.

*A. N. Martin, H. L. Martin, A. Duglay* and *W. S. Silvers,* for appellant.

MITCHELL, J.—This was a suit by Moses Hopkins against Daniel Ratliff to recover the amount due on a promissory note executed by the latter as maker, and payable to the plaintiff. The note bears date the 1st day of January, 1885, and calls for the payment of three hundred and seventy-four dollars, with 8 per cent. interest, due one day after date.

The defendant answered by way of set-off, that the plaintiff was indebted to him on account in the sum of five hundred dollars and upwards for money paid, laid out and ex-

pended for his use, and for work and labor, and materials furnished in improving and repairing a house for the plaintiff.

The indebtedness which the defendant claims the right to set off against the note is alleged to have arisen in the manner following: In February, 1878, the plaintiff, Hopkins, being the father of the defendant's wife, and desiring to make an equitable distribution of his property among his children, orally agreed with the defendant that if the latter would convey to the plaintiff an eighty-acre tract of land belonging to him in Wells county, he, Hopkins, would execute his last will and testament, by which he would devise to the defendant eighty acres, part of his home farm, and would also devise forty acres adjoining, with the improvements thereon, to his (defendant's) wife, as her share of his estate; and further, that he would erect a small house, with four rooms, on the eighty acres to be devised to the defendant. It was agreed that the deed from the latter should be held in his own possession without delivery until after the plaintiff's death.

In reliance upon this aforementioned agreement, the defendant signed a deed for the eighty acres to be conveyed to his father-in-law, but kept it in his possession according to the understanding, and the plaintiff executed a will which was supposed to be according to his agreement with the defendant.

Without delivering the conveyance, the defendant surrendered the possession of the eighty-acre tract owned by him to one of the plaintiff's other daughters, reserving to himself, however, a reasonable rental for the use of the land. At the same time he took possession of the one hundred and twenty acres supposed to have been devised to himself and wife by his father-in-law, agreeing to yield to the latter a reasonable rental during the remainder of his lifetime. His father-in-law neglected to build the house with four rooms, but persuaded the defendant to improve and enlarge the house already on the farm, which the latter did, in reliance

upon the devise which he supposed had been made by the plaintiff.

It was in making these improvements that the account pleaded as a set-off to the note accrued. After having thus remained in possession some four years, the defendant learned that instead of devising eighty acres to him and forty to his wife, the plaintiff had prepared his will so as to devise one hundred and twenty acres to the defendant and his wife as joint tenants. Thereupon the defendant, without requesting that the will should be changed, repudiated the whole arrangement, moved off the plaintiff's land and took possession of the eighty acres belonging to himself.

The question is, whether he is entitled to recover as upon an *indebitatus assumpsit* for the improvements made on his father-in-law's land while in possession under the arrangement disclosed in the foregoing summary of the answer. It seems clear enough to us that this question must receive a negative answer. The occupancy of land under an agreement with the owner to pay rent, presumably creates the relation of landlord and tenant. This relation continues as long as the land is occupied under that agreement.

It is of course true that a person who goes into possession of real estate under a contract to purchase, does not thereby become the tenant of the vendor so as to become liable for rent in case the contract is rescinded. *Newby* v. *Vestal*, 6 Ind. 412; *Miles* v. *Elkin*, 10 Ind. 329; *Nance* v. *Alexander*, 49 Ind. 516; Wood Landlord and Tenant, 8.

A suit for use and occupation, or for rent, can only be maintained when there is a contract, express or implied, which creates the relation of landlord and tenant. *Tinder* v. *Davis*, 88 Ind. 99; *Pittsburgh, etc., R. W. Co.* v. *Thornburgh*, 98 Ind. 201.

The defendant, in the present case, went into possession under an arrangement whereby he expected ultimately to become possessed of the land as purchaser by devise, which could only take effect at the plaintiff's death. Until the

happening of that event, the legal title and ownership were
to remain in the plaintiff, and the defendant was to pay rent.
This created no other legal relation between the parties ex-
cept that of landlord and tenant, and so long as the defend-
ant occupied, he did so as tenant—yielding, or under contract
to yield, rent to the owner of the land.

There being no valid contract of purchase, the possession
and improvements can only be referred to the agreement to
take possession and pay rent.

The landlord agreed to erect a small house, with four rooms,
on the land. This he neglected to do. He prevailed upon
the tenant to repair the old house, but it is not alleged that
he had agreed to make repairs, nor does it appear that he in
any manner promised or agreed to pay for repairs made by
the tenant. In respect to the repair of the old house, their
duties and obligations were such as the law imposed upon
landlord and tenant. There is no implied obligation on the
part of the landlord to make repairs, and in the absence of
an express contract the duty of keeping the premises in re-
pair rests solely upon the tenant. The tenant must deter-
mine for himself the fitness of the buildings for use, or
whether they are sufficiently commodious for his purposes.
If he repairs or enlarges the buildings for his own conven-
ience, even though it be by the persuasion of the landlord,
he does not, in the absence of an agreement or promise,
thereby acquire a right to charge the landlord with the ex-
pense of the repairs. *Estep* v. *Estep*, 23 Ind. 114; *Purcell*
v. *English*, 86 Ind. 34; *Lucas* v. *Coulter*, 104 Ind. 81;
Wood Landlord and Tenant, sections 380, 382.

Where a landlord covenants to repair, in case of a breach
of the covenant the tenant may make the repairs and charge
the expense to the landlord, or he may recover damages for
the breach. *Hexter* v. *Knox*, 63 N. Y. 561.

The failure of the landlord to erect a house, with four
rooms, in compliance with the agreement, did not, in the ab-
sence of a contract to pay, authorize the tenant to charge the

cost of repairing another house to the landlord. If the failure or refusal to build the house resulted in damages. to the tenant by reducing the value of the leasehold, that became a matter altogether apart from the subject of repairs. Wood Land. and Ten., section 403, and note.

The defendant might have built the house and recovered the cost thereof; or, if the plaintiff refused to build after notice, he might have recovered damages.

A tenant who makes improvements of a permanent and fixed character, which are annexed, so as to become part of the realty, can neither remove them nor recover for their cost without a special contract with the landlord. *Hedderich* v. *Smith*, 103 Ind. 203 (53 Am. R. 509).

If it should be considered that the defendant occupied the land and made the improvements, not as tenant, but in part performance of a contract of purchase, still, since, after enjoying the possession for about four years, he can not now place the plaintiff in the same situation he was in before the contract was made, he can not repudiate the contract in advance of the time for performance on the part of the plaintiff, and maintain *indebitatus assumpsit* to recover the cost of the improvements.

The defendant has done nothing in part performance of the contract except to take possession and make improvements. These acts, as we have seen, can be much more readily referred to his contract of tenancy than to the contract of purchase, which was not to be performed on either side until after the plaintiff's death, and which is wholly unenforceable until it shall have been so far performed as to be taken out of the statute.

Where possession has been taken by a purchaser, and lasting and valuable improvements have been made under and in reliance upon an oral contract of purchase, if the circumstances are such as to show that the vendor repudiated the contract with a fraudulent purpose to obtain the benefit of improvements made by the purchaser, the contract will be

held so far valid as to support an action for damages for breach of the contract. In such a case, a purchaser who has made improvements on land, with the knowledge of the vendor, in reliance on a contract, which improvements the latter gets the benefit of by refusing to perform on his part, may recover the value of the improvements so made, deducting the value of the rents and profits of the land. *Bender* v. *Bender*, 37 Pa. St. 419; *Wallace* v. *Long*, 105 Ind. 522 (55 Am. R. 222).

Where money has been paid on a contract that is wholly void, there being no part performance, the party receiving the money having repudiated the contract, a recovery may be had upon the common count.

Where, however, the action is to recover for improvements made while in possession and in part performance of the contract of purchase, the action must be for damages for breach of the contract, even though the contract may be so far invalid as not to be enforceable. *Gwynne* v. *Ramsey*, 92 Ind. 414; *Peters* v. *Gooch*, 4 Blackf. 515; *Barickman* v. *Kuykendall*, 6 Blackf. 21.     •

The plaintiff, according to the averments in the complaint, is in no default. He agreed to make a will, and the will can not speak until the testator's death. The defendant avers that he is informed, or has learned, that the plaintiff's will, as it is now prepared, does not conform to the agreement. This is not sufficient to authorize him to repudiate the contract and maintain an action on account for improvements made.

The answer was not sufficient. The demurrer should have been sustained.

Judgment reversed, with costs.

Filed June 14, 1888.