No. 14,273.

## SUMMERS v. TARNEY.

PLEADING.—*Complaint.—Sufficiency of.*—Where the second paragraph of a complaint, which contains all the allegations in the first paragraph, is good, and supports the judgment, it is immaterial whether the first paragraph is good or bad.

SAME.—*Charging Wrongful Act.*—To allege in a pleading that a person committed an injurious act " violently and with great force," is equivalent to charging such person with a purposed wrong in the doing of the act.

MEASURE OF DAMAGES.—*Surgical Treatment of Injured Animal.—Instruction to Jury.—Evidence.*—After an injury to the plaintiff's horse, caused, as averred, by the defendant's wrongful act, the plaintiff, in the belief that the injury might be successfully treated, employed skilful surgeons for that purpose, but the treatment was unavailing.

*Held,* in an action for the value of the horse, and for the sum expended in surgical treatment, that the proper measure of damages on account of the treatment, there being no evidence that excessive charges had been made therefor, was the amount necessarily expended, and that it was not error so to instruct the jury.

*Held,* also, that testimony as to the amount paid out by the plaintiff for surgical treatment was competent.

INTERROGATORIES TO JURY.—*Delivery of Sealed.—Practice.*—While it is new practice it is not available error to deliver to the jury special interrogatories sealed in an envelope with an instruction not to open the envelope until they have agreed upon a general verdict.

From the Noble Circuit Court.

*H. G. Zimmerman* and *W. L. Penfield,* for appellant.
*J. E. Rose* and *D. D. Moody,* for appellee.

BERKSHIRE, J.—The complaint is in two paragraphs.    In the first paragraph it is stated that the appellee, who was the plaintiff below, was the owner of a horse of the value of $200, and that the appellant, who was the defendant below, " unlawfully injured, wounded, maimed and crippled said horse, to the damage," etc.

The second paragraph contains the same prefatory allegations as the first, and alleges that the appellant " unlaw-

fully injured, wounded, maimed and crippled said horse by violently and with great force breaking the leg of said horse; and said plaintiff further says that believing that said wound might be healed and cured, he employed skilful surgeons to treat said wound and injury, and that in that behalf said plaintiff expended the sum of twenty-five dollars, * * * but that notwithstanding the skill of said surgeons, the wound was of such a character that the life of said horse could not be saved. Wherefore," etc.

Separate demurrers were addressed to these paragraphs of complaint, and overruled, and exceptions reserved.

The appellant answered the complaint in one paragraph, which was a general denial.

The cause was submitted to a jury for trial, who afterwards returned a general verdict for the appellee, and returned therewith certain interrogatories submitted to them, together with their answers thereto.

The appellant filed a motion for a new trial, and the court thereafter overruling said motion, he reserved an exception.

After overruling the motion for a new trial the court gave judgment for the appellee.

Several errors are assigned, and among others that the court erred in overruling the demurrers to the two paragraphs of the complaint, and in overruling the motion for a new trial.

Several alleged causes for a new trial are embraced in the motion, but as counsel do not call our attention in argument to all questions made by the record, our labors are confined to those to which our attention is called.

Counsel for the appellant most earnestly insist that both paragraphs of the complaint are bad, and that the court erred in overruling the demurrers to the same.

The first paragraph may be ill, but whether so or not we regard the second paragraph as good, and as all the allegations found in the first paragraph are contained in the sec-

ond, and as it supports the judgment rendered, the first paragraph is of no consequence.

It is contended that to aver in a pleading that an injurious act was " unlawfully " committed, is but to allege a conclusion of law, and gives no strength to the pleading, and therefore, although the injury alleged may have been caused by the act of the appellant, it does not appear that his injurious act was wrongful, and hence the paragraphs of complaint are ill.

As we have already stated, we are of the opinion that the second paragraph is good.

Conceding, for the purposes of the argument, that the position of counsel is correct as to what amounts to the averment of a conclusion of law, the second paragraph is not open to the objection made. It alleges sufficient facts to show that the injury charged was the result of the appellant's wrongful act.

To allege in a pleading that a person committed an injurious act " violently and with great force," is equivalent to charging such person with a purposed wrong in the doing of the act.

The word " violently " indicates " violence," and in the connection here under consideration means " outrage ; unjust force ; attack ; assault."

The word " force," in the connection in which it is employed, is defined as " Unlawful violence offered to persons or things." Worcester's Dictionary.

Webster's definitions are substantially the same. He says that the word " force," as used in the law, means " Strength or power exercised without law, or contrary to law, upon persons or things."

The court committed no error in overruling the demurrer to the second paragraph of the complaint.

If the paragraph was not sufficiently specific, the demurrer did not raise the question. *Betts* v. *Quick,* 114 Ind. 165 ; *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 110 Ind. 225 ; *Johnston*

*Harvester Co.* v. *Bartley,* 94 Ind. 131 ; *Cincinnati, etc., R. W. Co.* v. *Gaines,* 104 Ind. 526.

The next question presented is as to the correctness of the court's rulings in allowing certain evidence relative to the employment of surgeons to treat the animal, and their compensation ; and to the instruction which the court gave to the jury upon that subject.

The point is made that the testimony was not competent, and the instruction erroneous : (1) Because the complaint tendered no such issue. (2) If such an issue had been tendered the testimony should have been confined to what would have been a reasonable compensation to the surgeons for the service rendered, and that the amount expended by the appellee was wholly immaterial, and the court should have so informed the jury.

The complaint alleges that the appellee, being of the opinion that the injury might be successfully treated, employed skilful surgeons to treat the same, and expended on that account twenty-five dollars. This allegation is not objectionable.

The presumption must be, until the contrary appears, that the amount paid out for surgical treatment was a reasonable and proper payment.

The instruction which the court gave to the jury was unobjectionable.

There was no evidence to show that excessive charges had been made on account of surgical treatment ; in view of the testimony, therefore, it was entirely proper for the court to say to the jury that the proper measure of damages was the amount which the appellee necessarily expended.

The testimony admitted by the court as to the amount paid out by the appellee for surgical treatment was competent. It treated the measure of the appellee's damages on account of the employment of surgeons. This conclusion is not in conflict with the conclusion reached in *City of Indianapolis* v. *Gaston,* 58 Ind. 224; *Pennsylvania Co.* v. *Marion,* 104 Ind. 239.

All that is decided in these cases, bearing upon the question here under consideration, is that in an action to recover damages for an injury the defendant can not show in mitigation that the surgeon donated his services to the plaintiff; that that is a matter entirely between the surgeon and his patient, and with which the defendant has no concern.

After all, the question is as to the value of the services to the plaintiff in the action, but with this distinction : if the surgeon donates the services rendered to the plaintiff, the real value thereof is the measure ; but if not, then it is what the plaintiff necessarily becomes liable to pay.

If the injured party is compelled to pay more than the services are actually worth, it does not lie in the mouth of the person responsible for the injury to complain.

The word " necessarily," as employed in the instruction given by the court, is defined by Webster as follows : " In a necessary manner; by necessity; unavoidably; indispensably."

We have examined the instructions given by the court relating to the evidence, and find them pertinent and proper. There is no doubt but that the appellant inflicted the injury complained of, and with force and violence, as charged in the second paragraph of the complaint ; and, conceding that the animal was, at the time, trespassing upon his close, this afforded no excuse for the wrongful and injurious act.

The special interrogatories which were propounded by the court to the jury, at the request of the parties, were sealed up in an envelope, and thus delivered to the jury with an instruction not to open the envelope until they had agreed upon a general verdict.

This is new practice, so far as our information goes ; but we are not inclined to hold that it amounts to available error, as the statute provides that the interrogatories are only to be answered after a general verdict has been agreed to.

We find no error in the record.

Judgment affirmed, with costs.

Filed May 13, 1890.